JACK REED V. THE STATE.

No. 15830.   Delivered April 19, 1933.
Reported in 59 S. W. (2d) 377.

The opinion states the case.

*S. F. Rose,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, seven years in the penitentiary.

No testimony was offered by appellant.  For the state it was shown that on May 18, 1932, appellant rented a typewriter and check protector for one day, which was delivered at his room at a hotel in Amarillo.  Later that day an officer went to said room and found appellant asleep on a bed.  In the room witness found a check,—the basis for this prosecution,—being a check for $15.00, dated May 15, 1932, drawn on The First National Bank of Tulsa, Okl., payable to J. D. Beach, signed by "Noble &

Noble, Drilling Contractors, by Chas. E. Noble." This check was introduced as Exhibit B. Witness said he also found about a hundred of "these checks" (indicating), nine of which were filled out completely, and some of which were identical in form with Exhibit B; some were signed and some unsigned. Witness found no one else in the room.

The state introduced Sheriff Hawkins of Hardeman county, who said that at some time, date not given, he searched appellant in his office in Quanah, Texas, and found check Exhibit N, which appears to be a check of date June 7, 1932, for $15.00, payable to J. D. Black, drawn on The First National Bank of Tulsa, Okl., and signed "Dillard & Dillard, Drilling Contracttors, by Harry Dillard." Witness said he found also on appellant's person a pad of checks Exhibit O, which do not appear in this record, containing about 100 checks similar to Exhibit N, some filled and signed by Harry Dillard payable to various payees; some not filled out. The state introduced Givens, a printer, who said he lived at Childress, Texas, and that about June 9th he printed, for a man whom he believed to be appellant, a pad of blank checks in form like those designated as Exhibit O. Mr. Lindley swore that he was a druggist at Childress, Texas, and early in June, 1932, appellant came into his store, bought a package of cigarettes, and told witness that he had an expense check, and, if witness would handle it for him, he would buy a fountain pen. He said the check was like State's Exhibit N. Witness cashed the check and sold appellant the pen. He did not remember the name given by appellant. He said he did not have the check, and had not gotten his pen back. A banker of Amarillo swore there was no such bank in Tulsa, Okl., as the First National Bank of Tulsa. No witness testified as to similarity of handwriting on any of the instruments introduced. These were substantially the facts.

There are several bills of exception. The first evidences complaint of the admission of the testimony of the officer as to what he found in appellant's room at the hotel. Objection being made, the court heard evidence out of the hearing of the jury, and came to the conclusion that there was sufficient evidence to justify the search of the room. Admittedly the officer had no warrant for the arrest of appellant, and no search warrant. He testified that having received information from the man who delivered the typewriter and check protector to appellant's room, that aroused his suspicions, he called up officers at Lubbock and asked them if any forgeries had been recently committed in that city. They presently called him back and told him a man bought a suit of clothes and gave a forged check,

and the descriptions given back and forth as to the man who bought said suit of clothes caused the officer to believe appellant was the same man who had bought the suit of clothes in Lubbock. However, the officer testified further that, after getting the information from Lubbock, he could have gone to the court house and gotten a search warrant or warrant of arrest in five minutes. To our minds, the admissibility of the testimony of the officer was very doubtful because of the fact that he had no warrant of arrest. Of course, had he made a legal arrest, his contemporaneous search of appellant's room and what he found there would have been admissible.

We are of opinion the court incorrectly admitted the testimony of witnesses Hawkins, Lindley and Givens. The court charged on circumstantial evidence, and told the jury as to state's Exhibits C, N, O, V, W, X, Y and Z, and also as to the testimony of witnesses Hawkins, Givens, and Lindley, that they could consider same, if at all, for the sole purpose of aiding them in determining whether the defendant did or did not make the instrument in writing,—Exhibit B, which is the alleged forged instrument herein; also whether if he did make it, it was made without lawful authority and with intent to injure and defraud; also that they should not consider or discuss any or all of said instruments, other than Exhibit B for any other purpose than as indicated. Appellant excepted to this part of the charge for a number of reasons, most of which appear to be well taken.

Extraneous offenses, that is offenses other than the one on trial, when provable under some of the exceptions recognized by many decisions of this court, are not admissible at all, unless it be shown that same are themselves cases wherein the person was guilty of some such violation of law as that proof thereof was pertinent. Nothing could seem more hurtful or more unfair than to prove against the accused in any case facts which amount to but a part of proof necessary to make out an extraneous offense, but which are enough to surround the party on trial with suspicion and an atmosphere of criminality. Crass v. State, 30 Texas Crim. Rep., 481; Windham v. State. 59 Texas Crim Rep., 366.

Cases too numerous to mention hold that a man may not be convicted of a crime by proof of his guilt of other similar offenses of the same kind. Long v. State, 39 Texas Crim. Rep., 537; Cone v. State, 86 Texas Crim. Rep., 293; Cano v. State, 88 Texas Crim. Rep., 271; Gregory v. State, 92 Texas Crim. Rep., 579; Mayes v. State, 118 Texas Crim. Rep., 615. There was no testimony offered by appellant as supporting a claim

of mistake or lack of criminal intent, nor was the state lacking in proof of appellant's identity,—in which event it has been held that in rebuttal of such claims the state might prove against the accused other similar offenses. Hill v. State, 44 Texas Crim. Rep., 603; Brown v. State, 54 Texas Crim. Rep., 129.

We observe that Chas. E. Noble did not testify, nor did Harry Dillard, that the checks purporting to have been signed by them were not genuine; nor was there proof save by inference that these were fictitious persons.

Because of the errors above mentioned, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*