## HAROLD LOCKE V. THE STATE.

No. 17694.  Delivered November 27, 1935.

The opinion states the case.

*Claude Boothman* and *Roy G. Baker,* both of Sherman, for appellant.

*James D. Buster,* Sp. Pros., of Sherman, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at death.

The indictment in this case charged that on or about the 3d day of February, A. D. 1935, Harold Locke did unlawfully, voluntarily and with malice aforethought kill Ches H. Estes by shooting him with a shot gun. To this charge appellant entered a plea of guilty.

There are three bills of exception in the record; one relates to the discharge of a juror, and the other two relate to the introduction of testimony. Bill of exception number two reflects the following occurrence: The district attorney introduced one John Clark as a witness, by whom he undertook to prove and did prove that less than an hour before the deceased, who was city marshal of the city of Whitesboro, was killed, that he, the witness, informed the deceased that appellant had raped Mrs. Webb. To said testimony appellant objected because it was irrelevant and had no bearing on the case; that it was an entirely separate offense and highly prejudicial, and further that the statement on the part of the witness was hearsay. The State by and through her district attorney contended that he had a right to show that the deceased, who was an officer, had a right to make the arrest without a warrant upon the information he had received from John Clark. Whereupon the appellant said that he would admit that Estes was performing his duty, and had a right to make the arrest without a warrant, but notwithstanding this admission, the district attorney insisted that he had the right to make such proof. The court overruled appellant's objection, and permitted the State to prove by Mr. Clark that he told Ches H. Estes, the deceased, that Harold Locke had raped Mrs. Webb. The testimony, as it came into the record, was not pertinent to any issue in the case; it tended to show the commission of a separate, distinct and extraneous offense. Evidence of the commission of independent crimes by the accused is irrelevant, where it has no tendency to prove some material fact in connection with the commission of the offense charged, but only tends to inflame the minds of the jury and prejudice them against him. We are not unmindful of the fact that there are certain exceptions to the general rule, but the exceptions to the general rule which would authorize the admission of the extraneous offense are lacking in this case. This matter has been discussed so many times by this court that we do not deem it necessary to again discuss it, but content ourselves by referring to the following cases: Singleterry v. State, 273 S. W., 593; Williams v. State, 68 S. W. (2d) 501; Reed v. State, 59 S. W. (2d) 377; Fountain v. State, 241 S. W., 489; Branch's Ann. Tex. P. C., Sec. 166.

The testimony complained of in bill of exception number three appears to us to come within the rule of hearsay. Mr. Clark did not see the offense of rape committed. He obtained his information from some third party; whether true or untrue would not take it out of the rule of hearsay testimony. From what has been said above we are not to be understood as holding that an accused on trial may by certain admissions defeat the State's right to introduce all legitimate testimony even on a plea of guilty; neither is it to be understood that it is our purpose to modify or abrogate the rule that the commission of another crime by accused may be proven which shows motive for the commission of the crime for which accused may be on trial, such as killing an officer to prevent arrest for the previous crime; but in such case the evidence should show some logical connection between the former offense and the particular act under investigation. See Vines v. State, 67 Texas Crim. Rep., 355, 148 S. W., 727; Trapper v. State, 84 S. W. (2d) 726; Branch's Ann. Tex. P. C., Sec. 1882, p. 1046; Underhill's Cr. Ev. (3d), Sec. 154, p. 206. We do not deem it necessary to discuss the bill complaining of the action of the court discharging the juror, because the same will not likely arise again upon another trial.

Having reached the conclusion that reversible error was committed in the admission of objectionable testimony, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.