### DAVID SPIVEY V. THE STATE.

No. 22496. Delivered May 12, 1943.

The opinion states the case.

*Florence, Florence & Meredith,* of Gilmer, for appellant.

*Fred Erisman,* Criminal District Attorney, and *Mike Anglin,* Assistant District Attorney, both of Longview, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of ten years on a charge of murder. The offense is alleged to have been committed in Gregg County on the 6th day of June, 1942, by hitting John Askew with his fist and kicking him with his boots.

The evidence shows that on that date the parties met in a domino hall and engaged in a game, in which it is intimated that the winner had some financial advantage, not definitely explained. They were strangers. No one testifies to any difficulty between the parties while in the game or at the close of it, until they had left the room and were standing in front of it, when appellant struck deceased with his fist, knocking him to the ground. The deceased asked appellant not to hit him any more, but he kicked him with heavy boots. A physician was called to examine him and found him suffering from shock and bleeding at the mouth. It seems that appellant had left with others and did not know of the examination which the physician made and was not advised until later that he had been taken to the hospital.

Testifying in his own behalf appellant said that while they were engaged in the game the deceased confided to him that he had been indicted in Wood County in several cases for theft of pipe from the Humble Company; that he had previously been given a suspended sentence and could not ask for another; that he had to find some way to get into the hospital in order to keep away from court the following Monday because he realized that he was certain to go to the penitentiary. Appellant then claims that he left the party without knowing that he had in-

flicted any serious injury and believing that he was merely pretending to be hurt in order to be taken to the hospital so he could have his case continued.

The evidence complained of in this appeal by a number of bills is to the effect that appellant had been drinking and had visited several honky-tonks prior to and after this occurrence. We find nothing to connect his drinking with the difficulty. It is also in evidence over objection of appellant that a party came to him while the deceased was on the ground and told him that he had killed a man and asked him to go with him; that they left and spent the rest of the afternoon, which was Saturday, visiting different drinking places. That night they went to Hawkins in Wood County for the purpose of attending a dance. At a late hour, or the next morning, they returned to Gladewater, where appellant found that Askew had been taken to the hospital and was in a serious condition. He went to the home of his father in Gregg County, some distance away, and was arrested there late in the afternoon. Askew died on the fifth day following the assault.

The record in the case is very lengthy and there are presented before this court eighteen bills of exception most of which may well be considered under one discussion. These bills complain of the introduction of testimony showing in detail acts and conduct of appellant hereinabove indicated, both before and after the assault on Askew. The evidence to the effect that he had been drinking prior to the time can only be admissible by showing that it had some connection with the difficulty. No effort was made to do this by the State, and the only contention is that it showed the state of his mind. What that state of mind was and what part it had on the pertinent issue of intent to kill at the time he struck him is not revealed, and we are unable to conceive of any. Under some circumstances it might have been immaterial and considered harmless, but when coupled with all of the other evidence showing his conduct after the difficulty, it is rather forceful, as are other items objected to, for the purpose of showing that he was a ruthless, reckless, disreputable fellow. If it revealed a brutality which could be shown to have some relation to the question of intent to kill at the time he struck deceased, it might be available to serve the purpose for which the trial court admitted it. Unless the facts are such as to do this we can hardly consider it admissible.

The declaration of the party standing by that, "You have killed a man," was probably considered by the jury as forceful evidence on the question of intent to kill, but it cannot be said

under the circumstances of this case that a layman standing by would be capable of giving this opinion. If the party had died, or was dead at the time, so that it would be an obvious fact, the statement would then be harmless.

The State quotes from Texas Jurisprudence, Vol. 22, p. 688, section 157, to sustain its contention that the remarks of a third party made at the place and so near the time of the assault are admissible. If it could be said that such statement did "form a part of the transaction, and illustrate the feelings, motive and acts of the principal actors," we would find it admissible, but herein lies the fault. It reflected nothing in the mind of either the appellant or the deceased. It could have been nothing more than the opinion of a third party who had no part in the crime. There is nothing to show that appellant agreed with it or that he acted upon it in relation to the deceased. The cases cited by the State are not in point.

Other bills set out with much detail the evidence showing misconduct toward a negro in an automobile soon after this; difficulty with a waitress at a drinking place; numerous visits to other drinking places; and the attendance on a dance at Hawkins.

The State relies upon the case of Burkhart v. State, 74 S. W. (2d) 692, to sustain the admissibility of the various details as to appellant's drinking and visiting honky-tonks before and after the crime for which the party was being tried. Such evidence was not held to be admissible in that case. The court refused to reverse the case on the ground complained of because similar evidence had been admitted without objection. If the evidence could be held a part of the res gestae in that case, we still find it not to be in the instant case.

Had it been shown that appellant knew he had struck a fatal blow or that he had inflicted serious injuries which would likely prove fatal, we would have quite a different discussion from that which we feel called upon to give under the circumstances of this case. The State further contends that the evidence is admissible on the question of flight, but we are unable to agree to that for there is no evidence of flight in the case, and the facts detailed by the State's witnesses refute this. Hence, we are not able to find any purpose which the admission of this testimony might serve other than to prejudice the jury against appellant. The infliction of a ten-year penitentiary sentence does not reflect any serious prejudice in the mind of

the jury, yet, it is not for this court to say that the jury would not have given him a less penalty had this evidence not been before them.

A serious question is presented in the record on the sufficiency of the evidence. While not mentioned in the brief and not presented in the argument, there is slight, if any, evidence indicating that the appellant struck deceased with the specific intention to kill, which must be found in order to support a verdict of murder with malice. All the facts and circumstances of the case indicate a drunken brawl without provocation or cause whatsoever, and without any intention to take the life of Askew. In the face of this showing, together with the errors in admitting objectionable evidence, the verdict returned by the jury will not be permitted to stand.

There are a number of other questions of minor importance in the trial of the case which would not be sufficient to work a reversal within themselves. The total result of all of these present a case in which a party was tried for being a heartless criminal generally, as well as for the offense laid in the indictment. Certainly this may be avoided without serious injury to the State's case. They are infractions of rules so generally understood as to need no discussion and to require no citation of authorities. A case should be tried on the charges found in the indictment without bringing into it the misconduct of a lifetime or a day, unless there is some relationship existing between them and the crime committed. This has not been done in the case before us.

The judgment is reversed and the cause remanded.

HAWKINS, Presiding Judge, and GRAVES, Judge.

We are inclined to think the evidence that someone said to appellant "Come on, you have done killed a man," was admissible as res gestae. One witness who heard the statement had gone to Askew (the injured party) and was rendering such assistance as he could when a companion of appellant made the remark in question. It was directed to appellant, and was said immediately after the assault and before the parties had separated.

We think a reversal should not be predicated on the admission of said statement in evidence, but agree to the reversal upon other grounds.