# LeRoy Clements v. The State.

No. 22919. Delivered October 25, 1944.

The opinion states the case.

*Elliott & Bragg,* of Memphis, and *Williams & Bell,* of Childress, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for cattle theft with a sentence of three years in the penitentiary.

The indictment alleges the theft of a cow from S. G. Bruce in Hall County on the 5th day of September, 1939. The record is before us with several bills of exception, neither of which will be discussed in detail except No. 7 which, we think, presents error.

Much attention is given to an effort to impeach appellant as a witness in his own behalf, by proof of a statement of his brother made in the presence of appellant while in the jail building in Hobart, Oklahoma. After serving terms in the penitentiary there, on three charges, he was paroled and returned to Texas in the summer of 1943. Soon thereafter the prosecution of the case now before us was renewed and he was placed under bond. We are unable to find any basis for the introduction of the evidence as impeaching testimony, neither does it have that effect. Consequently there is nothing in the bill to require a reversal of the case.

Bill No. 7 reflects that on an unnamed date a cow had been stolen "in another county." The evidence further shows that appellant was charged with that theft. When Mr. Bruce began to investigate the theft of his cow, and went to Hobart to interview appellant, a deputy sheriff from the other county went with him. He and the deputy testified that from statements made by the accused that he had sold the cows through a ring in Enid, they located both the Bruce cow and the cow missing from the other county, referred to as the Ballard cow. His statement as to the Bruce cow was admissible in view of this recovery. See Vernon's Ann. C.C.P., Art. 727, note 13. After appellant returned to Texas it is in evidence that he talked with Mr. Bruce in the town of Memphis and admitted the theft of the cow for which he is charged. The evidence thus related by Mr. Bruce is sufficient to support the jury's verdict. This evidence was denied by appellant and it can not be said that the evidence of the theft of the Ballard cow, by appellant, about the same time or prior thereto had no effect on the jury's mind in determining the controverted issue. Neither are we in position to say that the jury would have assessed the penalty at three years had it not been for this evidence. That it was damaging will be conceded. In qualifying the bill the court, after stating the circumstances, said: " * * * among other things this testimony was admitted to show motive, intent, and system." It appears from the qualification that this is the real reason for its admission.

Appellant testified that he was in Oklahoma at the time the Bruce cow was stolen. In response to this testimony the court properly gave a charge on the defense of alibi. If the evidence of the theft of the Ballard cow had in any way served to deny the defense of alibi it would have been admissible. As it stands in the record there is no evidence of the time the Ballard cow was taken, and nothing about it that would in any way refute the defensive testimony or connect him with the theft of the Bruce cow. We are unable to find any issue on motive or intent in the case. Neither do we find any circumstance in any way indicating a "system" that would throw any light on the charge for which the party was on trial. One may not be convicted on evidence that he is a criminal generally or that he has committed another or other offenses. Nor can it be shown that he is engaged in a "system," unless there are some identifying circumstances that will throw light on the crime for which he is being tried, or unless it comes within some of the recognized exceptions to the rule. See Cascio v. State, 171 S. W. (2d) 356, for a full discussion of the admissibility of this character of evidence.

For the error in admitting testimony of the theft of the Ballard cow the judgment of the trial court is reversed and the cause remanded.