GEORGE G. REYES V. STATE

No. 34,064.   January 3, 1962
Motion for Rehearing Overruled February 14, 1962

*Phill R. Pickett,* and *Theo Pat Henley,* San Antonio 5, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *John G. Benavides, Harry A. Nass, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is passing as true a forged instrument, with three prior convictions for felonies alleged for enhancement; the punishment, life.

The injured party Chapa testified that he ran a small grocery store; that appellant and a woman companion entered his store on the day in question, purchased some groceries, and gave him a check bearing the signature "Rudy A. Kirchner" in the sum of $48.00 payable to "Manuel G. Reyes", and endorsed the same in his presence. Chapa did not have sufficient funds on hand at the time to pay appellant the full difference between the amount of the grocery bill and the face of the check but did pay him $20.00 and told him to come back later for his change. Chapa testified that on the following Sunday appellant did return, but when he was told that Chapa had determined the check was no good appellant fled with his (Chapa's) son in pursuit.

Daniel Chapa testified that when appellant fled from his father's store he and some of his companions gave chase; that when they approached appellant he reached in his shirt, as if to get a weapon; that they became frightened, returned to the store, secured a rifle and resumed the pursuit, finally capturing appellant.

Rudy A. Kirchner testified that he carried a personal account at the bank on which the check upon which this prosecution was based, as well as other checks introduced in evidence, were drawn; that he had ordered 200 personalized and numbered checks but that only 175 were delivered to him and that all the checks introduced in evidence, including the one passed to Chapa, bore numbers within the group of 25 checks which were not delivered to him. He testified that the signature on the Chapa check, as well as the others, was not his.

Frank May testified that his duties at the bank, on which all the checks were drawn, for the last 18 years had been to

84

compare questioned signatures; that he had compared Kirchner's signature card on file in the bank with the checks in evidence and expressed the expert opinion that the checks did not bear Kirchner's genuine signature.

The prior convictions were established by fingerprint comparison and certified copies of records of the various penal institutions, such as we have approved in Roberts v. State, 164 Texas Cr. Rep. 537, 301 S.W. 2d 154, and the cases there cited.

Appellant did not testify in his own behalf, but offered evidence that one Raymond Gonzales was in jail on charges in nine forgery cases.

Other personalized checks, numbered within the missing group, drawn on Kirchner's account about the same date as the Chapa check, were introduced in evidence, and the parties to whom they were passed identified appellant as the person who had passed the same to them. These transactions were clearly admissible as an exception to the general rule relating to extraneous offenses. See Harris v. State, 169 Texas Cr. Rep. 143, 333 S.W. 2d 142, and 25 Texas Juris. 2d, Sec. 59, p. 576.

No brief has been filed on behalf of appellant and no formal bills of exception appear in the record. The informal bills fail to reflect error.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.