Fellx Andrew BARANOSKY, Appellant,

v.

The STATE of Texas, Appellee.

No. 39399.

Court of Criminal Appeals of Texas.

March 9, 1966.

No Attorney of Record on Appeal, for appellant.

Thomas D. Blackwell, Dist. Atty., Philip A. Nelson, Jr., and Terry E. Stork, Asst. Dist. Attys., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for passing, as true, a forged instrument; the punishment, five years.

The second count of the indictment, which was submitted to the jury, charged that on or about the 2nd day of June, 1965, the appellant did pass as true a certain forged instrument, in writing, to one Bart Tabor. The instrument set out in the indictment was, according to its tenor, a check dated May 31, 1965, at Austin, Texas, drawn on the account of Hinton Motors through The Austin National Bank in the sum of $2,000, payable to D. M. Gins-burg and purportedly signed by S. E. Hinton.

It was shown by the state's testimony that on May 31, 1965, the appellant and two male companions came to the car lot of Hinton Motors, in the city of Austin, around noon, and asked an employee to help find a rattle in a new car that one of them had purchased. While on the premises the three were in the office where the business checkbook was kept in a desk drawer. Subsequently, a page containing three checks was discovered missing from the checkbook. The same day, around mid-afternoon, appellant and two companions came to the Auto Sales Co. lot in Austin, operated by Herbert Ash. While on the premises, the appellant was, on one occasion, in the company office alone. Two pages from the company checkbook, containing six checks, were later discovered missing.

On June 2, around 12 o'clock, noon, a man, positively identified as the appellant, presented a check (state's exhibit # 1) for $2,000—of the tenor described in the indictment—to the prosecuting witness, Bart Tabor, who was then on duty at the exchange window of the Austin National Bank. The check bore the endorsement: "For Cashier's Check Only, D. M. Ginsburg, 1404 Preston, Austin, Texas." At such time, Tabor accepted the check and issued to appellant, in exchange, a cashier's check (state's exhibit #2) for the sum of $2,000, payable to D. M. Ginsburg.

At 12:40 p. m. on June 2, appellant appeared at the Citizens State Bank in Georgetown, where he presented the cashier's check and received $2,000 in cash therefor. In the transaction, appellant presented certain papers of identification which included a social security card, an Army ID card, and a University of Texas athletic season ticket in the name of David M. Ginsburg.

S. E. Hinton, whose name was purportedly signed to state's exhibit #1, testi-

fied that he did not sign the check or give appellant or any other person permission to sign it.

It was further shown that on June 1, 1965, appellant presented to a teller at the Austin National Bank another Hinton Motors check (state's exhibit #4), dated May 30, 1965, in the sum of $1,800, payable to D. M. Ginsburg and purportedly signed by S. E. Hinton. For this check appellant received a cashier's check (state's exhibit #5) for $1,800, which he cashed the same day. S. E. Hinton, whose name was purportedly signed to state's exhibit #4, testified that he did not sign the same or give appellant or anyone else permission to sign his name. On June 1, 1965, a check (state's exhibit #6) in the amount of $1,000, dated May 30, 1965, payable to D. M. Ginsburg, drawn on the account of Auto Sales Company and purportedly signed by Herbert Ash, was presented to and cashed by a teller in the drive-in section of the Austin National Bank. Wilma Jean Joyce, the teller, was unable to identify the person who presented the check, but stated that he furnished a driver's license and an Army ID card of one D. M. Ginsburg as identification. Herbert Ash, the person whose name was purportedly signed to the check, testified that he did not sign it or authorize anyone to sign his name thereon.

The state's testimony further shows that on June 17, 1965, the appellant, while under arrest, gave a specimen of his handwriting to Sgt. John Pope, of the Austin police department. Sgt. Pope testified that before the specimen was given he gave appellant the warning printed thereon and informed appellant that he had the right to contact a lawyer. Appellant stated that he did not want one.

The handwriting specimen was admitted in evidence as state's exhibit #7 after being found by the court to have been voluntarily made, after due warning. Vernon Mealer, a questioned-document examiner of the Department of Public Safety, testifying as a handwriting expert, stated that he had compared the handwriting on the various checks (state's exhibits 1, 2, 4, 5, and 6) with the specimen of handwriting on state's exhibit #7 and expressed the opinion that the writing on the face of exhibits #1, 4, and 6 as to the date, payee, and written amount, and the endorsements on all of the checks (state's exhibits 1, 2, 4, 5, and 6) were made by the person who wrote state's exhibit #7.

It was further shown by the testimony of deputy sheriff William L. Burch, of Nueces County, that on June 9, 1965, with appellant's permission he searched an automobile, which appellant had been driving, in the city of Corpus Christi and found the various items of identification (state's exhibit #3) that appellant used in cashing the various checks in question.

Testifying in his own behalf, appellant denied that he forged or passed state's exhibit #1 or any of the other checks introduced in evidence by the state. Appellant stated that he was not warned or told that he could contact an attorney before giving the handwriting specimen. He also denied that he gave consent to the search of the automobile in Corpus Christi.

The careful trial judge submitted to the jury in his charge, with appropriate instructions, to which no objection was made, the several disputed issues raised by the testimony, including the question of whether appellant freely and voluntarily made the handwriting specimen and the question of whether he consented to the search of the automobile.

By their verdict the jury rejected appellant's testimony and accepted that of the state's witnesses.

■ The evidence is sufficient to sustain the judgment of conviction.

No brief has been filed on behalf of appellant.

The record contains no formal bills of exception.

We have examined the informal bills of exception and find no reversible error.

In permitting the state to show the forgery and passing of the checks other than the one for which appellant was being prosecuted, over his objection that it constituted proof of extraneous offenses, the court did not err. Such proof was offered, and limited in the court's charge to the purpose of showing "identity, intent, motive, malice or common plan or scheme" in the commission of the offense charged, if it did. The evidence was admissible for this purpose. Harris v. State, 169 Tex.Cr.R. 143, 333 S.W.2d 142; Peterson v. State, 157 Tex.Cr.R. 255, 247 S.W.2d 110.

The judgment is affirmed.

Opinion approved by the court.