**Danny Louis ROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39428.**

Court of Criminal Appeals of Texas.

March 16, 1966.

Rehearing Denied May 11, 1966.

J. Harlan Fleming, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with two prior non-capital felony convictions alleged for enhancement; the punishment, life.

Mrs. Richards testified that while alone at her duplex home on the night in question she heard a noise and that when she looked out her door into the hallway, she observed that the door to an adjoining vacant apartment was ajar. She further testified that shortly thereafter she noticed a light at the back of the house which she left on at night was not burning and that someone tried to open the rear door to her apartment, whereupon she called the police. Upon their arrival an officer accompanied her into her vacant apartment and she observed that a screen had been removed, the window had been opened and the drawers to the dressers had been pulled out. She stated that she inspected the vacant apartment regularly and that all the above noted changes had

occurred since she last closed and locked the apartment.

Officer Kirkpatrick testified that he was in the neighborhood of Mrs. Richards' duplex at the time he received the "prowler call" and that he arrived at the scene within a minute thereafter, where he found appellant standing outside Mrs. Richards' window in the shrubbery.

Detective Hawkins testified that sometime later in the morning of the day in question he investigated the scene and removed the bulb from the socket at the rear of the house and delivered the same to Officer Fowler. He further stated that he found a fresh cut near the latch on the screen which had been removed from the window.

Officer Fowler testified that he compared a thumb print which he found on the bulb with known prints of appellant and that they were identical.

The prior convictions were established in the manner approved by this Court in Reyes v. State, 172 Tex.Cr.R. 82, 353 S.W. 2d 450.

Only two contentions are urged by brief and in argument. His first claim is that the court erred in permitting the State to make proof of the prior convictions in the face of his offer to stipulate as to them in the absence of the jury. This Court in Crocker v. State, 385 S.W.2d 392, re-examined all the authorities on this question and decided the same adversely to appellant.

Appellant's remaining claim relating to alleged argument of the prosecutor cannot be considered because the same is not brought forward to this Court in any manner provided by statute.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.