Ramon OLIVIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 40878.

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

Max P. Flusche, Jr., Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., Charles R. Parrett, Asst. Dist. Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is passing as true a forged instrument; the punishment, five years.

The sole question presented on appeal is the admissibility of two checks other than the one set forth in the indictment. The check set forth in the indictment and the two checks introduced were from a group of numbered checks stolen from W. Brazelton's auto. On each of the two identifiable fingerprints of appellant were found.

The State relies upon the opinion of the Court in Reyes v. State, 172 Tex.Cr.R. 82, 353 S.W.2d 450, and the cases there cited, and Baranosky v. State, Tex.Cr.App., 399 S.W.2d 820, and points out that the identifying witness was ably cross examined in an effort to cast doubt as to her ability to identify this appellant from among the many customers who traded at the department store where she was employed as a cashier.

The appellant, on the other hand, relies upon Cox v. State, 166 Tex.Cr.R. 587, 316 S.W.2d 891, which was affirmed with the writer dissenting, and points out that the earlier transactions which the court held to be admissible in that case were not violations of the law at the time they occurred.

He further relies upon certain statements of principles of law found in the opinion of this Court in Locke v. State, 129 Tex.Cr.R. 432, 88 S.W.2d 110. Locke was a murder case which was reversed because of the admission into evidence of an extraneous rape committed by the accused which solved no issue in the murder case.

We have concluded that the holdings of this Court in Reyes and Baranosky, supra, support the trial court's action in admitting the other checks on the issue of identity.

Finding no reversible error, the judgment is affirmed.