Charles E. **HICKOMBOTTOM** and Lee Edward Carter, Appellants,

v.

The STATE of Texas, Appellee.

No. 45317.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

John G. Gilleland, Houston, for appellants.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

These are appeals from convictions for robbery by assault. Punishment was assessed at ninety-nine years for both appellants.

Appellants' three contentions concern the admission of an extraneous offense.

Appellants and one Troy Lee Jones were identified as the three men who robbed at

gun point the Food Giant Store No. 2 on Jansen Drive in Houston on July 6, 1970.

The State's last witness at the guilt-innocence stage of the trial, Milan Lacy, testified over appellants' objection, that appellants Carter and Hickombottom, along with Troy Lee Jones, robbed a grocery store on Mangum Road in Houston about a week prior to the robbery in the instant case.

The State urges that the extraneous offense was admissible in proving the identity of appellant Carter by showing his association in a robbery with the same two companions of another grocery store under similar circumstances and methods of operation.

The appellants did not testify or offer any testimony.

Officer Robbins of the Houston Police Department identified appellant Hickombottom and Jones as the two men he and Officer Lum arrested after seeing them run out of the Food Giant Store No. 2 on the date in question with guns in their hands. Appellant Hickombottom was further identified as one of the robbers by Store (Food Giant No. 2) Manager Tubbe and employees Tacker and Bugaj.

Appellant Carter was arrested the day following the robbery and was identified that day as one of the robbers in a line-up by Tubbe and another employee by the name of Sontag. At the trial, Tubbe, Sontag and Tacker identified appellant Carter as one of the robbers.

The State contends that the issue of identity as to Carter was raised by appellants' cross-examination of Tubbe. On cross-examination, Tubbe testified that his identification of Carter was based on a glance at Carter that did not last over a second.

While it does not appear that the State contends that appellant raised the issue of identity as to appellant Hickombottom by cross-examination, the State's brief does call our attention to the cross-examination of Tacker relative to his identification of appellant Hickombottom. The witness Tacker testified on cross-examination that appellant Hickombottom resembled the person who was with appellant Carter at the robbery. On direct, the witness had testified he believed Hickombottom was one of the robbers.

In Ferrell v. State, Tex.Cr.App., 429 S. W.2d 901, relied on by the State, the introduction of an extraneous offense was held permissible on the issue of identity where the defendant had offered the defense of alibi. The case of Parks v. State, Tex.Cr. App., 437 S.W.2d 554, urged by the State is also distinguishable in that the witness who identified defendant at the trial gave a sworn statement shortly after the murder that she was unable to identify the man running from the liquor store where the crime occurred. Further, in Parks, appellant offered testimony that fingerprints were lifted at the scene of the crime and none of them belonged to him. In Genzel v. State, Tex.Cr.App., 415 S.W.2d 919, also relied on by the State, the issue of identity was raised by alibi testimony offered by appellant.

The cross-examination of the *only* identifying witness in Olivio v. State, Tex.Cr. App., 422 S.W.2d 182, a forgery case, is not set out in the opinion. Baranosky v. State, Tex.Cr.App., 399 S.W.2d 820 and Reyes v. State, 172 Tex.Cr.R. 82, 353 S.W.2d 450, cited by the State are also forgery cases. The reader is cited to a recent opinion in Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97 (1972) for a discussion of admissibility of extraneous offenses in forgery cases. In Perbetsky v. State, Tex.Cr.App., 429 S. W.2d 471, appellant took the stand in his own behalf and denied having raped prosecutrix, but further testified if he did commit the offense he was too drunk to know

what was happening. This Court held that under such circumstances, testimony relative to an extraneous offense committed shortly before the crime in question was admissible.

We find none of the foregoing cases cited by the State to be applicable to the instant case. While the witness Tubbe admitted on cross-examination that his identification of appellant Carter was based on a glance of Carter at the scene, he remained positive in his identification. Two other witnesses made positive identification of appellant Carter as one of the robbers. In addition to witness Tacker, who testified that appellant Hickombottom resembled one of the robbers, at least two other witnesses positively identified appellant Hickombottom as one of the robbers. Appellants offered no evidence in their behalf. Clearly, no issue of identity of appellants as two of the persons who committed the robbery is raised. A statement by this Court in Caldwell v. State, 477 S.W.2d 877, is applicable to the instant case: "To hold that the cross-examination of this prosecutrix would permit the introduction of an extraneous offense would be tantamount to holding that such testimony would be admissible in any case where a defendant's counsel exercises the constitutional right of cross-examination. That is not and should not be the law." See Rogers v. State, Tex.Cr.App., 484 S.W.2d 708 (1972).

Finding no exception to that fundamental rule of law that one accused of a crime is to be tried for the offense charged and none other, we conclude that the admission of the extraneous offense was reversible error. See Hafti v. State, Tex.Cr.App., 416 S.W.2d 824; Jones v. State, Tex.Cr. App., 481 S.W.2d 900, and Ford v. State, Tex.Cr.App., 484 S.W.2d 727.

For the reason stated, the judgments are reversed and the causes remanded.

Opinion approved by the Court.