**J. W. OKRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47867, 47868.**

Court of Criminal Appeals of Texas.

March 27, 1974.

---

David L. Loving, III, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for the sale of heroin; the punishment assessed by the jury in each case, imprisonment for twenty years. The Court cumulated the sentences.

The appellant presents eight grounds of error but we need discuss only ground of error number four in which the appellant asserts that the trial court erred in admitting in evidence over his objection an extraneous offense.

The two indictments which were consolidated for trial both alleged the sale of heroin. One sale allegedly occurred May 9th and the other May 11th, 1972. The State's proof showed the sales were made to the same undercover agent on the dates alleged. The undercover agent testified that one James Willie Walker was present on May 9th and took the money at the time the appellant delivered the heroin to him. James Willie Walker was brought into the courtroom and he was identified by the undercover agent. It was stipulated later in the trial that the records of the Dallas County Jail would show that James Willie Walker had been arrested on April 10, 1972, and had remained in jail until the date of this trial in September, 1972. This seriously discredited the undercover agent's identification of Walker. The agent's identification of the appellant, however, remained positive and unshaken. One identifying characteristic relied upon by the agent was the distinctive "clouded over" look of the appellant's eyes. There was testimony that at the time of trial the appellant's eyes looked "clouded over."

In rebuttal the State offered the testimony of three narcotics officers that during April and May, 1972, they had the house where the undercover agent had made the purchase under surveillance numerous times. Each of the officers testified he saw the appellant on these premises and that the appellant lived there. In addition, the State offered evidence that officers armed with a search warrant had on April 10, 1972, searched the same premises where the undercover agent had purchased heroin from the appellant on May 9th and 11th, 1972. It was shown that when this search was made the appellant, Walker and others were arrested on the premises and that the officers found heroin, narcotics paraphernalia and a number of firearms. The Court overruled the appellant's objection made on the grounds that this testimony and evidence were inadmissible because the State was making proof of an extraneous

offense. There were also objections made concerning the search.

The appellant did not testify before the jury. He testified only in the absence of the jury in an effort to show that the search made April 10, 1972, was unlawful.

The State's argument in its brief in opposition to this ground or error merely asserts that "circumstances surrounding the arrest of the defendant are admissible." No reason is advanced by the State as to why the evidence of the search and arrest a month before the two purchases of heroin by the undercover agent was admissible in the trial of these cases.

We find no exception to the general rule that extraneous offenses are inadmissible. See, e. g., Franklin v. State, 488 S.W.2d 826 (Tex.Cr.App.1972); Albrecht v. State, 486 S.W.2d 97 (Tex.Cr.App.1972); Hickombottom v. State, 486 S.W.2d 951 (Tex. Cr.App.1972); Rogers v. State, 484 S.W. 2d 708 (Tex.Cr.App.1972); 23 Tex.Jur.2d, Evidence, Sec. 197; 11 Texas Digest, Criminal Law, ▮

The judgments are reversed and the causes remanded.

Opinion approved by the Court.