**Charles Aron JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46485.**

Court of Criminal Appeals of Texas.

June 5, 1974.

————◆————

Lawrence Wells, Austin, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

This is an appeal from a conviction by a jury for robbery on a plea of not guilty; the punishment by the court, thirty (30) years.

The evidence showed that Scott, a taxi driver, was robbed by a passenger shortly after midnight on April 11, 1971. He positively identified appellant as the robber who pulled a pistol on him and thereby obtained money and a radio. Scott, the taxi driver, did not see appellant until after his arrest in connection with another robbery on October 8, 1971.

After proving the robbery of Scott on April 11, 1971, as part of its case, the State proved by Officer Kossa of the Dallas Police Department that on October 8, 1971 (some six months after the incident on trial), he was patrolling in his car, when because of a conversation with two women he hurriedly drove to the 600 block on Moore Street, and there arrested appellant in company with another man named Ray Patrick. Patrick was cut and bleeding profusely about the head and face, had a large bump on his head, was staggering

and was apparently disorientated. Officer Kossa saw appellant throw something away, which he later found to be a knife, and also found a hammer with a broken handle nearby. Appellant had Patrick's billfold in his hip jocket. Patrick told the officer in appellant's presence, "I have been robbed."

Appellant properly objected to the evidence relative to the arrest as being proof of an extraneous offense, not relevant to the case on trial. The objection was overruled.

There was evidence subsequently offered by appellant that he was in California on April 11, 1971, by appellant's parents, but appellant did not testify. The court charged on alibi.

■ The arrest of appellant on October 8, 1971, while apparently in the act of robbing Ray Patrick, in nowise rebutted the issue of alibi nor tended to prove the identity of the man who robbed the taxi driver, Scott. The only distinguishing characteristic common to both offenses was that the robbers in both cases were black. They were not perpetrated in the same manner or by the use of the same weapons. They were widely separated as to time.

■ Appellant was entitled to be tried upon the offense with which he was charged, and not for being a criminal generally or for being a person prone to commit robbery. Ford v. State, Tex.Cr.App., 484 S.W.2d 727; Jones v. State, Tex.Cr.App., 481 S.W.2d 900; Newman v. State, Tex.Cr.App., 485 S.W.2d 576.

For the error of the court in permitting proof of this extraneous offense, we reverse the judgment and remand the cause for a new trial.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

I do not agree to the reversal of this conviction. The primary offense occurred at night on Moore Street in the Oak Cliff section of Dallas. Only the robber (appellant) and the victim were present, and the victim's money was taken. The extraneous offense occurred at night on Moore Street in the Oak Cliff section of Dallas. Only the robber (appellant) and the victim were present, and the victim's pocketbook and its contents were taken. The evidence reflects that appellant lived with his father in the vicinity of Moore Street in the Oak Cliff area.

Even though six months had elapsed between the commission of the primary and the extraneous offenses, I conclude, as I have in Henriksen v. State, Tex.Cr.App., 500 S.W.2d 491, that there was enough similarity between the manner in which the offenses were committed to hold that the extraneous offense was admissible. In both this case and Henriksen, supra, the offenses were robberies and alibi was the defense. See also Ransom v. State, Tex. Cr.App., 503 S.W.2d 810.

I respectfully dissent.