Charles Michael FINLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 56082.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 15, 1978.

James M. Stanley, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Marvin Collins, Howard A. Borg, Paul Sorenson and Ronald G. Knight, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for burglary of a motor vehicle; the punishment, enhanced by a prior felony conviction, is imprisonment for ten years.

Appellant contends that the trial court erroneously permitted the introduction of testimony concerning an extraneous offense. We agree and reverse the conviction.

At 6:15 a. m. on the morning of September 22, 1976, Weldon Daniels arrived at the Frito-Lay warehouse in Fort Worth, where he was employed. He left his locked car in the employee parking lot. Daniels returned to his car at 7:00 a. m., at which time he saw appellant walking away from his car toward another car parked nearby. Daniels observed that his car had been broken into and his CB radio had been removed. Daniels approached appellant, who was standing beside the second car. In the back seat of this car, Daniels saw his CB radio. In answer to Daniels' questions, appellant identified himself, acknowledged ownership of the second car, and denied any knowledge of how Daniels' radio had come to be in the back seat. He told Daniels that he was employed at PVI, a business one block away, and had given a man named Jerry Jackson a ride to Frito-Lay, where Jackson was to apply for a job. Daniels and a fellow employee searched for Jackson, but were unable to find him. Daniels then called the police, despite appellant's request that he not do so, and appellant was subsequently arrested.

During his trial, appellant called Danny Jones as a witness. Jones testified that he was the man to whom appellant had given a ride on the morning in question. He further testified that he had given a false name to appellant, and had stolen Daniels' radio and placed it in appellant's car for safe keeping until he could return for it. He stated that appellant had had no knowledge of the theft. At the time of the trial, Jones was on probation for burglary and was in custody on two indictments for burglary of a vehicle. Jones and appellant were being held in the same tank in the Tarrant County jail. Appellant also called the personnel manager at PVI, who testified that he was employed there on the date in question.

In rebuttal, the State called Jimmy Coffee. Over appellant's objection, Coffee testified that in August, 1975, appellant had offered to sell him two CB radios for $45.00. Coffee gave appellant the money, and they drove to a vacant house. Appellant entered the house and never returned, apparently exiting through a rear door or window. Coffee never saw the radios appellant offered to sell.

Appellant contends that the trial court erred in admitting Coffee's testimony since it concerned an extraneous offense, was not

relevant to any fact in issue, and was highly prejudicial. The State argues that Coffee's testimony was admissible to rebut appellant's defensive theory and to prove his guilty knowledge.

Evidence of other unrelated offenses is not generally admissible, since a defendant may not be tried for some collateral crime or for being a criminal generally. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr. App.1972). However, evidence which shows the commission of another offense by the accused is admissible if it tends to prove the offense charged or is relevant to a material fact issue, such as a defensive theory raised by the accused. *Albrecht v. State*, supra; 2 McCormick and Ray, Texas Law of Evidence, Sec. 1521 (2d ed. 1956).

Coffee's testimony concerned an alleged theft of money committed by appellant thirteen months prior to the charged offense. The only similarity between the extraneous offense and the charged offense was that Coffee was induced to give appellant money on the basis of a deceptive claim by appellant that he had two CB radios for sale. There is no evidence that appellant actually possessed the radios he offered to sell to Coffee or, if he did, that he obtained them by breaking into automobiles. In short, the evidence of the extraneous offense did not tend to connect appellant with the theft of Daniels' radio, nor did it rebut appellant's defensive theory. We hold that the trial court erred in admitting Coffee's testimony over appellant's objection.

The other evidence against appellant, although strongly suggestive of guilt, was circumstantial. Appellant's defensive theory, and Jones' testimony in support thereof, was not so implausible as to be incapable of belief by the jury. Under the circumstances, it cannot be said that the erroneous introduction of Coffee's testimony was harmless.

The judgment is reversed and the cause remanded.