James Alvin MURPHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 57681.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 10, 1979.

Melvin Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler and John William Booth, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

THis is an appeal from a conviction for aggravated robbery in which the jury assessed appellant's punishment at 45 years confinement.

Luke Bradley, a sales manager at a Dallas Sears Store, identified appellant as the man—wearing a woman's nylon hose over part of his face and brandishing a pistol—who forcibly took Bradley's car as well as an attache case containing $8,600.00 in checks and currency on the morning of July 7, 1976.

Testifying in his own behalf, appellant denied commission of the robbery and gave an alibi account of his whereabouts at the time of the robbery. Appellant's cohabitant, Sheryl Davis, corroborated the alibi, insisting appellant had been with her at the time of the commission of the offense.

Over objection, the State was then permitted to introduce the testimony of three witnesses who established the May 6, 1976 robbery of Floyd Whittle, a 7–11 convenience store employee who had collected several stores' proceeds and driven them to a bank for deposit. After Whittle exited his car, Mark Culp,[1] appellant's younger brother, grabbed Whittle's money sack which contained $9,508.00, and ran to a nearby getaway car where appellant and Sheryl Davis were waiting. Culp dropped the money sack before reaching the car.

Before the extraneous offense was established before the jury, the prosecutor, defense attorney and trial judge discussed the matter at length, and the judge consistently ruled he would admit the evidence for the purpose of impeachment of Sheryl Davis and the appellant in that it reflected on their "motives to testify" as they had. Finally, the trial judge stated:

> I am going to overrule [the defense attorney's] objection. I want the record to show that *I am admitting this only for the purpose of touching upon the motive, weight, credibility and such of the two witnesses,* Miss Davis and the [defendant] Murphy.[2]

> Now I am not satisfied that the other two theories . . . mentioned [by the State], the rebutting the defensive theory and the identity would make the testimony admissible. * * * . . . [W]e don't need to address [that] . . *until such time as we draw the charge,* because . . . I will have to limit the jury's consideration of it to motive or to motive and identity or to identity and rebutting the defensive theory, one of the above, all of the above, none of the above or some of the above.

> I will note [the defense attorney's] exception.

Defense counsel again voiced strenuous objection to the ruling arguing that the State's only purpose for offering the evidence was to "inflame and prejudice the jury." The trial judge concluded:

> . . . [I] want the record to show that . . . I am letting it in on the exception of motive and motive alone, *motive of the two [defense] witnesses that testified.* I will note your exception and *I specifically,* at this point anyway, *agree with you as to the admissibility on the grounds of rebutting the defensive theory or identity* and I am not letting it

---

1. Culp was one of the witnesses offered by the State to establish the *extraneous offense.* It was brought out before the jury that Culp had been charged with the robbery of Whittle and had agreed to testify in exchange for a recommendation for probation.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

in on those grounds. *I would sustain your objection on those grounds,* but not on the grounds of the other, and I will note [the defense] exception.[3]

Appellant now complains that the trial court erred in permitting the State to adduce testimony establishing the extraneous offense, because it was not shown to be relevant to a disputed material issue[4] in the case and was therefore tantamount to trying the defendant for being a criminal generally. The State asserts only that the transaction was admissible because it "tended to refute the alibi defense by reflecting on the credibility of the alibi witnesses," and "the ultimate issue in this case was whose witnesses were telling the truth." The only case cited in the State's brief is *Vaughn v. State,* 530 S.W.2d 558 (Tex.Cr. App.1976) which is inapposite to the issues presented by this case.

■ It is an established general rule of evidence that proof of similar happenings, extraneous transactions or prior specific acts of misconduct committed by a party is irrelevant to the contested material issues in the case on trial and therefore inadmissible.[5]

■ In a criminal proceeding, when the extraneous or similar transaction committed by the accused, sought to be admitted by the State, constitutes a criminal offense, introduction of that "extraneous offense" transaction is inherently prejudicial because: (1) the accused is entitled to be tried on the accusation made in the State's charging instrument which specifies the "material issues" of the case and cannot— consistent with the rudiments of due process—be tried for some collateral crime of which he has no notice, *Jones v. State,* 568 S.W.2d 847 (Tex.Cr.App.1978); *Walls v. State,* 548 S.W.2d 38 (Tex.Cr.App.1977); *Young v. State,* 159 Tex.Cr.R. 164, 261 S.W.2d 836 (1953); *Couch v. State,* 155 Tex. Cr.R. 585, 238 S.W.2d 198 (1951); and, (2) an accused's "propensity to commit crimes" is not an issue which is material to whether he is guilty of the specified conduct charged by the State; it follows therefore, that introduction of evidence establishing such a propensity constitutes a trial of the accused as a "criminal generally" which offends our system of justice. *Young,* supra; *Couch,* supra; *Clements v. State,* 147 Tex.Cr.R. 531, 182 S.W.2d 915 (1944); see *Spivey v. State,* 146 Tex.Cr.R. 11, 171 S.W.2d 140 (1943). See also *Jones,* supra; *Etchieson v.*

---

3. The trial court charged the jury at the guilt-innocence stage as follows:

    You are further instructed that certain evidence was admitted before you in regard to the defendant and the witness Sheryl Davis having been involved in an offense other than the one for which the defendant is now on trial. In connection therewith, you are instructed that *such evidence was not admitted before you,* nor shall the same be considered by you, *in determining the defendant's guilt,* if any, in this case. Said *evidence was admitted* before you to aid you, if it does aid you, in determining the *credibility of the defendant* as a witness for himself, and the *credibility of the witness* Sheryl Davis, and further to aid you, if it does aid you, *in determining how much weight,* if any, *you choose to give these two witnesses.* You are instructed that *you shall consider said evidence for no other purpose.*

4. Appellant concedes that the alibi defense raised an issue as to the identity of the perpetrator of the robbery but contends that there were no distinguishing characteristics common to both the instant offense and the extraneous offense so as to bear on the issue of identity,

see *Ransom v. State,* 503 S.W.2d 810 (Tex.Cr. App.1974), and further, that the extraneous transaction in no wise rebutted the alibi. *Johnson v. State,* 509 S.W.2d 870 (Tex.Cr.App. 1974).

We agree with appellant, as did the trial court in his ruling, that the extraneous transaction was not shown to be relevant to the disputed issues raised by the alibi testimony and was therefore not admissible for the purpose of refuting it or the issue of identity.

5. *Finley v. State,* 573 S.W.2d 238 (Tex.Cr.App. 1978); *Grayson v. State,* 481 S.W.2d 859 (Tex. Cr.App.1972); *Johnston v. State,* 418 S.W.2d 522 (Tex.Cr.App.1967); *Flores v. State,* 151 Tex.Cr.R. 478, 209 S.W.2d 168 (1948); *Stone v. State,* 147 Tex.Cr.R. 489, 182 S.W.2d 400 (1944); *Locke v. State,* 129 Tex.Cr.R. 432, 88 S.W.2d 110 (1936); *Dallas Ry. and Terminal Co. v. Farnsworth,* 148 Tex. 584, 227 S.W.2d 1017 (1950); *Swinney v. Winters,* 532 S.W.2d 396 (Tex.Civ.App. San Antonio, 1975, writ ref'd n. r. e.); *Davis v. Zapata Petroleum Co.,* 351 S.W.2d 916 (Tex.Civ.App. El Paso, 1961, writ ref'd n. r. e.).

*State,* 574 S.W.2d 753 (Tex.Cr.App.1978); *Cameron v. State,* 530 S.W.2d 841 (Tex.Cr.App.1975); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972).

Extraneous transactions constituting offenses shown to have been committed by the accused [6] may become admissible upon a showing by the prosecution both that the transaction is *relevant* to a *material* issue in the case; [7] and, the relevancy value of the evidence outweighs its inflammatory or prejudicial potential. *Ruiz v. State,* 579 S.W.2d 206 (Tex.Cr.App.1979); *Jones,* supra.[8]

Our threshold inquiry, therefore, is whether the credibility of appellant and his alibi witness Sheryl Davis is a "material issue" in the trial of the instant case, for, even if contested, should the issue be one which is *immaterial* to the *essential elements* on which the State has the burden of proof, the prejudicial effect of evidence of an extraneous offense would far outweigh its probative value. See *Sparks v. State,* 366 S.W.2d 591 (Tex.Cr.App.1963); and n. 8, supra. We hold that an issue regarding the general credibility of a witness in a criminal trial is not a material issue in the sense that it will justify the admission of inherently prejudicial evidence of details of an extraneous offense committed by the witness. *Sparks,* supra; *Tomlinson v. State,* 289 S.W.2d 267 (Tex.Cr.App.1956); *Ware v. State,* 36 Tex.Cr.R. 597, 38 S.W. 198 (1896).

In recognition of this rationale it has long been the law of this State that proof of either mere accusations, or specific acts of misconduct, is inadmissible to affect the credibility of the accused or any other witness.[9] *Hoffman v. State,* 514 S.W.2d 248 (Tex.Cr.App.1974); *Garcia v. State,* 454 S.W.2d 400 (Tex.Cr.App.1970); *Hunter v. State,* 168 Tex.Cr.R. 160, 324 S.W.2d 17 (1959); *Sparks,* supra; *Reed v. State,* 42 Tex.Cr.R. 572, 61 S.W. 925 (1901); *Red v. State,* 39 Tex.Cr.R. 414, 46 S.W. 408 (1898); *Ware,* supra; *McAfee v. State,* 17 Tex.App. 135 (1884).

Our Legislature has in addition provided that the mere *fact* that a witness has been *charged* by indictment, information or complaint with commission of a criminal offense "shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching . . . [that] witness unless . . . a *final conviction* has resulted . . . ." Article 38.29, V.A.C.C.P. (formerly Article 732a). Even when the State has a burden of proving the *fact* that a defendant or witness has been finally convicted of a criminal offense, the *details* of that offense are inadmissible. See, e. g., *Driehs v. State,* 164 Tex.Cr.R. 455, 301 S.W.2d 123 (1957).

In limited circumstances, proof of the fact that charges have been filed against a witness may become admissible upon a showing that such evidence tends to establish prejudice, interest, bias or motive of the witness in testifying as he has.[10]

---

**6.** It is always required that the commission of the extraneous offense is clearly proved and the accused is shown to have been its perpetrator. *Ransom,* supra; see also 23 T.J.2d *Evidence* § 195 (1961).

**7.** *Coleman v. State* 577 S.W.2d 695 (Tex.Cr.App.1978); *Buckner v. State,* 571 S.W.2d 519 (Tex.Cr.App.1978); *Finley,* supra; *Walls,* supra; *Halliburton v. State,* 528 S.W.2d 216 (Tex.Cr.App.1975); *Albrecht,* supra [wherein it is stated at 100: "A relationship between such evidence and the *evidence necessary to prove that the accused committed the crime for which he stands charged* must be shown."]

**8.** See also *Albrecht,* supra, wherein it is stated at 101:

"Whether or not the State may prove a collateral crime is to some extent dependent on the burden of proof imposed upon the State, *and* the type of evidence which the State has to offer [or has offered] in proof of the *essential elements* of its case."

**9.** This rule assumes that on direct examination the witness has made no "blanket statement concerning his conduct, such as never having been charged or convicted of any offense, or never having been 'in trouble'." *Hoffman* at 254.

**10.** Notwithstanding the trial judge's charge to the jury to consider the extraneous offense *only* for the purposes of weighing the general credibility of the defense witnesses, his stated reason at the time of ruling it admissible was for

Simmons v. State, 548 S.W.2d 386 (Tex.Cr. App.1977); Evans v. State, 519 S.W.2d 868 (Tex.Cr.App.1975); Blake v. State, 365 S.W.2d 795 (Tex.Cr.App.1963). See also Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). These cases all deal with the admissibility of charges pending against *prosecution* witnesses, however, where a likelihood exists that in exchange for such testimony for the State the witness will ultimately benefit (or has benefited) in negotiations concerning his own criminal charge. In most cases, however, proof of a pending charge against, or commission of an extraneous offense by, a *defense* witness has no bearing on his motive to testify *for* an accused,[11] see, e. g., Fentis v. State, 528 S.W.2d 590 (Tex.Cr.App.1975), and thus, the provisions of Article 38.29, supra, control. We fail to see how evidence of the robbery of Whittle, and the fact that charges therefor were pending against appellant and Sheryl Davis bore on the issues of these witnesses' bias or interest in testifying as they did in the instant case. We agree with appellant that the effect of this evidence was to show the jury that the witnesses were "bad" people, and the defendant was a "criminal generally," and therefore unworthy of belief.

We believe this case exemplifies the wisdom of the well settled rule that admission of extraneous offense evidence for the purpose of general impeachment is unjustifiably prejudicial, and hold that the admission of such evidence for that purpose here constituted error. The trial court's charge to the jury limiting its consideration of the evidence to the issue of the witnesses' credibility compounded the error. Our disposition of this ground of error obviates our address of appellant's other grounds of error.

For the reasons stated, the judgment of conviction is reversed and this cause is remanded to the trial court for a new trial.

the purpose of touching upon the motive of the witnesses to testify as they had.

11. But see Campbell v. State, 167 Tex.Cr.R. 321, 320 S.W.2d 361 (1959), wherein it was

properly established that a defense witness had offered $10.00 to a prosecution witness to testify the defendant had not been intoxicated, in a driving while intoxicated case.