Tommie Lee NETTLES, Appellant,

v.

The STATE of Texas, State.

No. 2–81–242–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 26, 1983.

Maples, Maloney, DeBusk, Phillips, Lollar & Mallory and Carl E. Mallory, Fort Worth, for appellant.

Tim Curry, Dist. Atty. Candyce Howell, and Hamilton O. Barksdale, Asst. Dist. Attys., Fort Worth, for appellee.

## OPINION ON STATE'S MOTION FOR REHEARING

FENDER, Chief Justice.

Our original opinion is withdrawn and the following substituted therefor.

Appellant, Tommie Lee Nettles, was convicted of delivery of heroin and his punishment fixed by a jury at seventy-five years.

We reverse and remand.

Nettles advances seven grounds of error but we need only discuss ground number two in which Nettles complains of the introduction, over proper objection, of cocaine and a handgun found in appellant's automobile in an inventory search following his arrest as being unauthorized proof of an extraneous offense.

Nettles was indicted and tried for an offense occurring on November 7, 1979. He was arrested and the questioned evidence seized on or about June 10, 1980, more than six months after the instant offense. No charges were filed or indictments returned in connection with the questioned evidence.

The State is not entitled to prove circumstances surrounding an arrest if such proof is inherently prejudicial and has no relevance to any issue in the case. *Hernandez v. State*, 484 S.W.2d 754 (Tex.Cr.App. 1972).

To qualify the capsules as *res gestae* would require a finding that they were so closely interwoven with the offense on trial that they became admissible to show the context in which the offense on trial occurred. *Archer v. State*, 607 S.W.2d 539 (Tex.Cr.App.1980). Because of the six months lapse of time and the lack of any probative showing of any connection between the questioned evidence and the offense charged, we conclude that the capsules were not *res gestae* as to the November 7, 1979, offense and were not admissible on that theory.

We find no exception to the general rule that extraneous offenses are inadmissible. See, e.g., *Franklin v. State*, 488 S.W.2d 826 (Tex.Cr.App.1972); *Albreight v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972); *Hickombottom v. State*, 486 S.W.2d 951 (Tex.Cr.App.1972); *Rogers v. State*, 484 S.W.2d 708 (Tex.Cr.App.1972); 23 Tex. Jur.2d, Evidence, Sec. 197; 11 Texas Digest, Criminal Law, Number 369.

c.f. *Okra v. State*, 507 S.W.2d 220 (Tex.Cr. App.1974).

The judgment is reversed and the cause remanded.