HARRY R. URBAN, SR. V. STATE.

No. 25,424. January 16, 1952.
State's Motion for Rehearing Denied November 19, 1952.
State's Second Motion for Rehearing Denied
(Without Written Opinion) December 17, 1952.

*Hughes & Monroe*, by *Ted F. Monroe*, Dallas, for appellant.

*Henry Wade*, District Attorney, *Gene Bailey*, First Assistant Attorney, Dallas, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for keeping and exhibiting a policy game, with a sentence of four years in the penitentiary.

The indictment was returned in the court on February 9, 1950, and the trial was had on February 20th to 22nd, 1951.

The appeal is presented on seven bills of exception. The evidence in the case is circumstantial and we think sufficient to support the jury's verdict.

Bill of Exception No. 1 complains of the evidence of A. A. Eades, a public accountant, who testified over objection concerning the income tax returns prepared by him for Harry Urban and his partner Bennie Binion. As shown by this and other bills to be discussed jointly, this evidence dated back to the year 1937 and continuously to the time of the charge alleged in the indictment, which was the 28th day of December, 1949.

Bill of Exception No. 2 complains of the admission in evidence, over objection, of testimony of D. V. Bullion that on December 28, 1949, and off and on for ten or twelve years prior thereto, he had written policy for several named policy wheels. Some of these wheels are shown by the evidence to have been operated and controlled by appellant.

Bill of Exception No. 3 complains of the admission of the evidence of O. K. Helms that prior to January 31, 1946, he had printed and delivered to defendant ten thousand copies of the "Dream Book," which is similar to State's Exhibit No. 6. This type of book, it is shown, is usually distributed to policy players to direct them in selecting winning numbers.

Bill of Exception No. 4 complains of the evidence of the vice president of the Hillcrest State Bank to the effect that on May 19, 1941, the bank leased two night depository bags to the defendant and that in 1943 they leased two additional night depository bags to him. It is shown that these bags were used during 1947, 1948 and 1949, and the manner in which used was a circumstance to prove the business he is alleged to have conducted.

Bill of Exception No. 5 complains of the testimony of the head teller of the above named bank which gave the total sums of money deposited by appellant during the years 1948 and 1949, together with daily items of deposits. This, we think, was proper evidence.

Bill of Exception No. 6 complains of the evidence of the vice-

president of the above named bank concerning the leasing to appellant of night depository bags during the years 1941 and 1943. These seem to be the same as those set out in Bill of Exception No. 4.

Bill of Exception No. 7 complains of the examination of the witness A. A. Eades, a public accountant, and includes statements made by the district attorney to the court in the presence of the jury as to his purpose in asking the questions and what he intended to prove. These items went back as far as 1936. The objections were sustained and the contention is here made that, nevertheless, they gave to the jury poisonous inferences which could not be removed by the rulings of the court and probably did contribute to the finding by the jury of the maximum penalty provided by law, which they assessed.

We find these bills elaborately and, so far as indicated, correctly qualified by the court who took the view that in as much as the case on trial was dependent upon circumstantial evidence that the proof of prior offenses committed through the years over a long period of time would be authorized as circumstantial evidence. The state has submitted no authority for this contention and we are aware of none. It is not contended by oral argument or in the brief that reliance is had on a continued offense. The evidence would fail to support it if they did. It simply shows that these circumstances existed at certain dates in years past.

We are unable to find any exception to the general rule forbidding proof of extraneous offenses that would, in the least, be persuasive that the state may go into other offenses complete within themselves, some in partnership with another and some alone, for the purpose—not of proving the things that occurred during the period of three years in which they were not barred by limitation, but which would make more impressive and more likely the evidence which the state did have of the commission of of the offense during such three year period. The fact that appellant was a partner with Bennie Binion in 1937, or in 1943 or 1946, would have no probative force to establish such partnership during the years 1947, '48 and '49. It would, however, impress a jury that the accused was not only a gambler, as they might find from the evidence properly before them, but that he was a very bad man, having been a gambler through the many years so indicated.

A discussion, separately, of each bill herein briefly set out

could add little to this opinion. The state was permitted to prove the partnership in the gambling business, it was permitted to prove by the income tax man that the partnership existed at various times, it was permitted to prove the operation in the banks during the years 1941 and 1943 just as during the years 1947, '48 and '49. It will be conceded that the state could prove these for no other purpose and under no other ground than that they constituted circumstances of past offenses which showed him to be a gambler of long standing and this, on the theory that such facts when proven could be utilized to strengthen circumstances of his commission of offenses within the three year period our statute permits proof.

For the error pointed out the judgment is reversed and the cause is remanded.

ON STATE'S MOTION FOR REHEARING.

MORRISON, Judge.

The State has filed a motion for rehearing in which it is urged that we were in error in reversing this cause originally. We have again reviewed the record carefully. Several questions concerned us when we considered this case on its original submission, but we shall limit our discussion in this opinion to the alleged error reflected by Bill of Exception No. 1.

The indictment herein, the first count, charged the appellant with keeping and exhibiting a policy game. In the second count, it charged him with doing the same act directly and through his agents, H. T. Jordan and Ernest Finecoat. The trial was had in February, 1951. No effort was made to require the state to elect as to any particular date or transaction. This being the case, such a conviction might be sustained by proof of appellant's guilt at any time during the three-year period covered by the Statute of Limitations.

On the trial, however, proof was admitted, over appellant's objection, as brought forward to us by Bill of Exception No. 1, that in 1937, some fourteen years prior to the time of the trial, appellant and one Bennie Binion filed income tax returns for the year 1936, and subsequent years, which showed that they were then engaged as partners in the gambling business.

The effect of this testimony, as it went before the jury, was that some fifteen years prior to the instant trial appellant had

been guilty of engaging in the business of gambling and had admitted the truth of such fact in an income tax return.

It was neither contended nor shown that any accusation was ever filed for such violation.

This proof, in its practical and working effect, portrayed appellant before the jury as having, some fifteen years before, been engaged in a criminal transaction of the same character as that for which he was then being tried.

Appellant contends that, since Binion was not named in the indictment, any illegal gambling transaction he may have had with him in 1936 was too remote in point of time to shed light upon the case for which the appellant was then being tried.

The general rule in all English speaking jurisdictions is that evidence of other and extraneous crimes by the accused is not admissible, because an accused is entitled to be tried on the accusation made in the state's pleading and not on some collateral crime, or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions.

The Supreme Court of the United States, in Boyd v. Stanley, 142 U. S. 450, 35 L. Ed. 1077, in speaking of the proof of extraneous offenses, said this: "However full of crime their past lives may have been, the defendants were entitled to be tried upon competent evidence and only for the offenses charged."

In Texas, the rule and sustaining authorities will be found in Branch's Ann. P. C., Sec. 166; Tex. Dig., Crim. Law, Sec. 369; and 18 Tex. Juris., p. 53.

The receipt in evidence of prior offenses must be authorized by some exception to the rule stated; and unless they come within some exception and are not too remote in point of time to be of evidentiary value, they are not admissible.

We have examined carefully all the cases cited by the state in her motion. In none of them do we find where this court has authorized proof of an extraneous offense as remote as that in the case at bar. In no case ever decided by this court, or any other court so far as we can find, has proof such as reflected by Bill of Exception No. 1 been authorized, and we hold reversible error to be reflected thereby.

The conclusion just expressed, that proof of what occurred fifteen years before the prosecution herein was too remote, is in keeping with the conclusion expressed in our original opinion.

Our holding that such evidence was too remote and inadmissible finds support also in the decisions of the civil courts of this state. An analysis of the opinions and the reasons for such a rule are reviewed in the recent case of Bunch v. Tex. Empl. Ins. Assn., 209 S. W. 2d 657, where it was held that evidence of a felony conviction fourteen years prior to the trial was too remote to be employed for the purpose of impeaching a witness.

While not authority for, but persuasive of the correctness of the conclusion reached, Article 732a, Code of Criminal Procedure, was enacted by our Legislature during its last session and subsequent to the trial of this case, which we accept as a legislative mandate and think is applicable to the question now before us. It reads as follows:

"The fact that a defendant in a criminal case, or a witness in a criminal case, is, or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired."

By so doing, we think they reaffirmed the general rule as heretofore set forth. Prior to the passage of said Act, it had been permissible to impeach the accused, or a witness, by showing that they had in the past been accused of the commission of a crime. Deeming such practice unwise, the legislature closed the door on such chapters in a man's past and said that only such charges as had eventuated in a conviction should be admissible. That is, the state was precluded from proving prior acts of misconduct unless the constituted authorities had acted promptly in the premises and prosecuted the wrongdoer to a final conviction.

Attention is again directed to the fact that the appellant had been neither charged with nor convicted of a violation of our

laws against gambling as a partner with Binion in 1936 or 1937, or any of the subsequent years.

We are here called upon to extend the rule heretofore announced by this court and asked to do so in a contrary direction to a recent legislative expression on the subject. This, we decline to do.

The State's Motion for Rehearing is overruled.

Graves, P. J., Dissenting.