**Johnny Harvey HEMPHILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–81–011–CR.**
**(No. 61836).**

Court of Appeals of Texas, Austin.

May 26, 1982.

Rehearing Denied June 16, 1982.

Discretionary Review Refused Sept. 15, 1982.

Michael L. Brandes, Brandes & Kiester, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, for appellee.

SHANNON, Justice.

Appellant Johnny Harvey Hemphill appeals from a judgment for aggravated robbery after a trial to a jury in the district court of Travis County. The jury assessed punishment of confinement for forty-five years in the Texas Department of Corrections.

Appellant called Richard Robinson as a defense witness. Appellant had met Robinson three years previously while in prison. At trial time, appellant and Robinson shared a cell in the Travis County jail.

Robinson testified that it was he, not appellant, who had committed the crime for which appellant was on trial. In response to defense counsel's questions, Robinson stated he knew he could "be given anywhere from five to 99 years" as the result of his courtroom confession, in the event he were convicted instead of appellant. Facially, this response clothed Robinson's confession with credibility in that no reasonable person would confess to a crime for which he could be imprisoned for up to ninety-nine years unless he were, indeed, guilty.

To counter witness Robinson's confession, and out of the presence of the jury, the State offered to prove on cross-examination that Robinson was presently under indictment for attempted capital murder. The State's offer was directed toward showing Robinson's possible motive in confessing to the aggravated robbery.

Over objection, the district court allowed the proof. Robinson admitted on cross-examination that he was charged with attempted capital murder, that he had signed a confession to that charge, that the prosecution had a very good case against him, and that he knew the prosecution would seek a life sentence.

Appellant seeks reversal of the judgment of conviction by one ground of error urging the district court erred in permitting the prosecution to introduce evidence that Robinson was under indictment for capital murder.

Texas Code Crim.Pro.Ann. art. 38.29 (1979) provides:

> The fact that ... a witness in a criminal case, is or has been, charged by indictment ... with the commission of an offense against the criminal laws of this State ... shall. not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment ... a final conviction has resulted....

Appellant claims art. 38.29 prevents the prosecution from proving the indictment pending against Robinson to show motive on his part for confessing. In other words, appellant claims art. 38.29 prevents the State from suggesting to the jury that Robinson's confession, rather than being the truth, was motivated simply by the fact that he had little to lose by confessing to the robbery in light of the attempted capital murder charge pending against him.

Appellant concedes that an *accused* is allowed to impeach a witness for the *State* with a pending indictment, but contends, on the other hand, that the *State* cannot impeach a witness for the *accused* with a pending indictment. Appellant claims this anomaly arises because an exception to art. 38.29 was mandated by *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). *Davis* held that the Sixth Amendment to the Constitution of the United States was violated when an accused was prohibited from cross-examining the State's witness about his juvenile probationary status in order to show bias. Appellant then argues that *Davis* created an exception to art. 38.29 which is available to an accused but not to the State.

Appellant's argument is predicated upon the erroneous notion that prior to *Davis*, art. 38.29 barred the defendant from impeaching the State's witness with a pend-

ing indictment to show bias or motive. This notion, in turn, is founded upon the mistaken assumption that the word "impeaching" as used in art. 38.29, refers to both (1) impeaching a witness by showing peculiar circumstances in a particular case as well as (2) attacking the general credibility of the witness.

■ This Court has concluded that art. 38.29 has never barred either the prosecution or the defense from impeaching the other's witness by cross-examination concerning a pending indictment to show bias or motive. In our view, the term, "impeaching," as employed in art. 38.29, refers to attacking the *general credibility* of a witness and not to discrediting a witness in a particular case.

It is of importance, in the beginning, to distinguish between attacking the general credibility of a witness and impeaching him in particular. The purpose of an attack upon the general credibility of a witness is to show that he is generally unworthy of belief in any cause, whereas the purpose of impeachment is to show peculiar circumstances arising in the particular case which render his testimony in that case questionable. Chandler, Attacking Credibility of Witnesses by Proof of Charge or Conviction of Crime, 10 Texas L.Rev. 257 (1932). A common method of attacking the general credibility of a witness is to show he has a bad general reputation for truth and veracity. Probably the most effective method of attacking the general credibility of a witness is to prove that he has been convicted of a felony or a misdemeanor involving moral turpitude. *Bustillos v. State*, 464 S.W.2d 118 (Tex.Cr.App.1971). On the other hand, a witness may be impeached by a showing of bias or motive which tends to affect his credibility. This evidence is admissible not for the purpose of attacking the witness' general credit, but to affect his credit in the particular case. 1 R. Ray, Texas Law of Evidence § 670 (1980).

Prior to the enactment of art. 732a (now art. 38.29), the rule in Texas, unlike that in most states, permitted an attack on the general credibility of a witness in a criminal case by proof that the witness was under indictment for another offense. 10 Tex.L. Rev. 257, 264 (1932). In 1951, the legislature in enacting art. 732a changed the rule. As stated by the Court of Criminal Appeals in *Urban v. State*, 153 Tex.Cr.R. 106, 253 S.W.2d 38, 41 (1952):

> Prior to the passage of said Act, it had been permissible to impeach the accused, or a witness, by showing that they had in the past been accused of the commission of a crime. Deeming such practice unwise, the Legislature closed the door on such chapters in a man's past and said that only such charges as had eventuated in a conviction should be admissible.

It is plain that after the enactment of art. 732a, the general credibility of a witness could not be impeached except with a final conviction. The question still remained whether art. 732a was designed to prevent the use of a pending indictment to show bias or motive on the part of a witness.

Appellant contends that art. 732a was intended not only to prevent impeachment of a witness' general credibility by use of a pending indictment, but also to prevent use of the pending indictment to impeach the witness by showing bias or motive. In point of fact, appellant argues that until *Davis v. Alaska, supra*, neither the State nor the defense could prove a pending indictment to show bias or motive.

Neither reason nor logic would indicate that the legislature intended to prevent proof of a pending indictment to impeach a witness by showing bias or motive. It seems logical that the legislature meant to prevent impeachment of a witness' general credibility because of a pending indictment as this result would bring the law of Texas in line with other jurisdictions; but it seems illogical that the legislature intended to prevent proof of a pending indictment to show bias or motive in that this result would make the law in Texas contrary to the law of the majority of other jurisdictions. Annot., 20 A.L.R.2d 1421, 1440–41 (1951); *see generally* Annot., 62 A.L.R.2d 610 (1958) (dealing with impeachment of a

prosecution witness by showing bias or motive).

The Court of Criminal Appeals has tacitly recognized the proposition that art. 38.29 permits the State to impeach a defense witness with a pending charge or indictment. In *Murphy v. State*, 587 S.W.2d 718 (Tex.Cr.App.1979) the prosecution impeached a defense witness by showing that charges were pending against the witness. The Court recognized that pending charges or indictments generally are used to show bias or motive of a prosecution witness. The Court also noted that, conversely, a pending charge or indictment against a defense witness usually has no bearing on his motive to testify for the accused. On the facts of *Murphy*, the Court held the fact that charges were pending against the defense witness did not bear on that witness' bias or motive in testifying as he did. Rather, the Court perceived the use of the evidence in *Murphy* to be "to show the jury that the witnesses were 'bad' people, and the defendant was a 'criminal generally,' and therefore unworthy of belief." 587 S.W.2d at 723. Nevertheless, the holding of the Court acknowledged that a pending charge or indictment may be used to impeach a defense witness by showing the bias or motive of the witness for testifying as he did, provided the facts support an inference of bias or motive.

In *Bellew v. Gunn*, 424 F.Supp. 31 (N.D. Cal.), *aff'd on other grounds*, 532 F.2d 1288 (9th Cir.), *cert. denied*, 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1192 (1976), the court recognized that a pending charge or indictment may provide a motive for a defense witness to confess to a crime of which he is not guilty. In *Bellew*, a defense witness confessed to the crime for which the defendant was on trial. On cross-examination the prosecutor tendered the pending charges to show the motive of the witness for confessing; that is, since the witness knew he faced an inevitable and lengthy prison term he had little, if anything, to lose by accepting the blame for the crime. The Court held that it was not error to cross-examine the witness about the pending charges in order to show his motive in confessing to the crime.

This Court has concluded that art. 38.29 does not bar the State from impeaching a defense witness with a pending indictment to show motive for confessing to the commission of the crime for which the defendant was on trial.

The judgment is affirmed.