Lewis MASSENGALE, Appellant,

v.

The STATE of Texas, State.

No. 2-81-232-CR.

Court of Appeals of Texas, Fort Worth.

Nov. 17, 1982.

Rehearing Denied Dec. 15, 1982.

Discretionary Review Granted Feb. 16, 1983.

Anderson, Anderson, & Rodriguez and Hank Anderson, Wichita Falls, for appellant.

Brock Smith, Dist. Atty., Decatur, for appellee.

Before SPURLOCK, HUGHES and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

Lewis Massengale has appealed his conviction for the offense of the murder of Billy Houston Glover, Jr. for which he was

sentenced to imprisonment in the Texas Department of Corrections for life.

We affirm.

Since the sufficiency of the evidence is not challenged, we will discuss only facts relevant to the disposition of the four grounds of error.

The first ground of error avers that the trial court erred in refusing to allow the defense witness, Carolina Sullivan, to testify that before the event in question, Massengale had stated to her that he was scared of Billy Glover, a statement that reflects upon Massengale's state of mind, admissable under V.T.C.A. Penal Code, sec. 19.06.

Carolina Sullivan testified as follows:

Q. Were you scared of Billy?

A. Yes, sir, I was.

Q. Had Lewis ever expressed anything along those lines?

A. To me? He had mentioned—I had asked him before. At this point the State objected to the testimony on hearsay grounds and the objection was sustained.

■ Although defense attorney took exception to the court's ruling, he failed to preserve his error in that he did not show what the excluded testimony would have been. V.A.C.C.P. art. 40.09, sec. 6(d)(1); *Chambers v. State,* 568 S.W.2d 313 (Tex.Cr. App.1978). The first ground of error is overruled.

The second ground of error states that the prosecutor committed reversible error in cross-examining one of Massengale's witnesses regarding an extraneous offense. The witness, Carolina Sullivan, was jailed at the time of trial on a charge of retaliation. She was never convicted of the offense, so appellant contends that the question constituted an improper assertion of fact that the witness had committed a specific act of misconduct.

The complained of testimony began when the prosecutor asked the witness whether or not she had ever given another version of the events. She then accused the prosecutor of threatening her and he attempted to question her on this statement. At this point the witness volunteered that she was sitting in jail, and when questioned as to why, she answered that she and the defendant had been turned in because of a misunderstanding. The prosecutor then questioned her about the real reason for her being in jail. An objection was made and overruled.

■ Generally, unadjudicated criminal offenses are inadmissible for impeachment purposes. V.A.C.C.P. art. 38.29. However, evidence of pending charges against a witness is admissible under certain circumstances for the limited purpose of showing bias, prejudice, interest, and motive of the witness in testifying as he did. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); *Castro v. State,* 562 S.W.2d 252 (Tex.Cr. App.1978). The motives which operate on the mind of a witness when he testifies are never regarded as immaterial or collateral. *Castro v. State, supra.* The fact that the witness here is now charged with retaliation would tend to show that she has a strong interest in the outcome of the case.

■ The extent to which a witness may be cross-examined to show bias on a collateral matter rests on the sound discretion of the trial judge. *Carrillo v. State, supra; Kohler v. State,* 490 S.W.2d 592 (Tex.Cr.App.1973). We find no abuse of this discretion. The second ground of error is overruled.

The third ground of error complains that the trial court committed reversible error in denying Massengale's motion for mistrial after the prosecutor, at the voir dire stage of trial, commented to the jury veniremen on the failure of the defendant to testify. The prosecutor made a statement that some evidence that the defendant was qualified for probation would be required before a jury would be able to give it. An objection was made and sustained and an instruction given the jury. Appellant moved for a mistrial but no ruling was given.

■ The statement made by the prosecutor cannot be considered an impermissible comment on the failure of the accused to

testify. It is indirect at best and, therefore, is not sufficient to constitute an impermissible comment. *Todd v. State,* 598 S.W.2d 286, 294 (Tex.Cr.App.1980).

██ If the remark complained of called the jury's attention to the absence of evidence that only testimony from the appellant could supply, the conviction must be reversed. *Todd v. State, supra.* Here, evidence of appellant's qualifications for probation could be supplied by a number of witnesses other than the defendant.

██ Even assuming arguendo that the statement was an impermissible comment on the appellant's failure to testify, the statement was rendered harmless. Appellant testified in his own behalf at trial so that any statements made by the prosecutor were harmless. *Allen v. State,* 536 S.W.2d 364 (Tex.Cr.App.1976). Appellant's third ground of error is overruled.

Appellant's fourth ground of error complains of prosecutor's final argument to the jury during the punishment phase of the trial in that he directly referred to appellant's failure to testify. The statement complained of is as follows:

> Now, Mr. Anderson says that he believes Lewis is sorry, but I've never heard it from him. So I don't know whether he is or not.

An objection was made and overruled.

██ The argument by the prosecutor was made in response to defense attorney's statement that "Billy is gone and he's never coming back and I think Lewis is sorry for that." The statement was outside the record and invited argument from the State. *Garrison v. State,* 528 S.W.2d 837 (Tex.Cr. App.1975).

██ Also, as pointed out earlier, the appellant testified at the guilt-innocence phase of the trial. He placed himself in the same position as any other witness and a comment upon any omissions in his testimony is permissible.

The fourth ground of error is overruled.

We affirm.