Lewis MASSENGALE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1053–82.

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

Hank Anderson, Wichita Falls, for appellant.

Brock Smith, Dist. Atty. and Patrick Morris, Asst. Dist. Atty., Decatur, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of murder. Punishment was assessed at life. On appeal he raised four grounds of error. The Court of Appeals affirmed, 642 S.W.2d 834. We granted appellant's petition for review in order to examine the second ground of error.

In his brief filed with the Court of Appeals appellant stated the ground of error as follows: [1]

"The prosecutor committed reversible error in cross examining one of appellant's witnesses, Carolina Nava Sullivan, regarding an extraneous offense for which she had been charged, but never convicted, as such question constituted an improper assertion of fact that the witness had committed a specific act of misconduct."

Appellant relied on Art. 38.29, V.A.C.C.P., which provides in relevant part:

"The fact that . . . a witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State . . . shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired. . . ."

We set out the portion of the record upon which this ground of error is based:

BY MR. SMITH:

"Q. Have you given more than one version concerning the events leading up to the death of Billy Glover and his death itself?

"A. I don't know how many tapes you all have made, but anything I have said on them is the same to the best of my capability, but the first tapes that were made when they first brought me here, they questioned me for hours and they threatened me and they cussed me.

"Q. Who threatened you?

"A. You did a little bit.

"Q. I did?

"A. Yes, sir, you did.

"Q. How did I threaten you?

"A. You promised me ten years in the penitentiary and I told you you can't do that because I haven't done anything.

"Q. What did I promise you that for?

"A. I really don't know for certain; I was so upset.

"Q. When did I do that?

"A. The next thing I knew, I was sitting in jail. Ten to twenty years.

[1] In his Petition for Discretionary Review appellant sought to enlarge his ground of error presented to the Court of Appeals by stating the cross-examination concerned "the facts of an extraneous offense for which both the witness *and defendant* had been charged, but not tried." In the brief and supplemental brief appellant has now restricted his argument exclusively to the issue of whether improper cross-examination constituted assertions of fact that appellant had committed a specific act of misconduct, showing an extraneous offense. No such issue was presented to the Court of Appeals and is not properly before this Court. We will restrict ourselves to consideration of the ground of error addressed by the Court of Appeals.

"Q. Why were you sitting in jail?

"A. Because Billy Glover's family turned in me and Lewis Massengale.

"Q. For what reason?

"A. I have no idea. More than likely it was a misunderstanding.

"Q. Wasn't it because you had threatened—

MR. ANDERSON: I'm going to object to anything going into any issue that does not pertain to this matter here. It doesn't solve any issue. It's only admissible under certain circumstances which has not arisen in this case. It serves only to prejudice and bias the Jury against the Defendant. I'll object to it.

THE COURT: Overruled.

"Q. Mrs. Nava, isn't it a fact that the reason why you're in jail now is because you threatened to kill the three little Glover children if they testified in this courtroom?

"A. No, sir. I have never been around them.

MR. ANDERSON: Your Honor, may I have a running objection?

THE COURT: Yes, sir.

"A. At their school or anywhere else. On that day that they said I went to the school, I went and spoke to my lawyer and Mr. Massengale was with me. I went to my brother's house. I went to my mother's house and I went straight home and all the time Mr. Massengale was with me.

"Q. Was he with you when you drove by the little Glover girls' residence?

"A. No, we didn't drive by the little girls' residence.

MR. ANDERSON: What issue does it solve in this case, Judge? If he's trying to get something in in some legal way to impeach this witness, well then, that particular issue has not arisen at this point. I'll object to it.

THE COURT: I'll overrule it.

MR. ANDERSON: Note our exception.

"Q. Mrs. Nava, if you will please answer my question. Was he with you when you drove by the little Glover girls'

residence after their father had been killed?

MR. ANDERSON: Your Honor, I'll object.

"A. No, sir; no, sir.

MR. ANDERSON: It's extraneous—

"A. I didn't drive by there.

MR. ANDERSON: Carolina, every time I stand, will you please wait until I finish, please. It's an extraneous offense, Your Honor. The predicate for laying—a predicate for laying an extraneous offense has not been laid. We'll object on those additional grounds.

THE COURT: I'll overrule the objection.

MR. ANDERSON: Note our exception.

BY MR. SMITH:

"Q. Was he with you or not when you drove and pointed a gun at those little girls at their house?

"A. I told you once before and I'll tell you again, he was not with me because I never went by their house. He never went by their house. We had nothing to do at their house. We had no reason to go by their house. You're trying to make a liar out of me by telling me I went by there."

■ The Court of Appeals in disposing of this ground of error first noted the witness in some instances volunteered information during this part of cross-examination. The court then recognized that although under Art. 38.29, supra, "unadjudicated criminal offenses are inadmissible for impeachment purposes," evidence of pending charges is nevertheless admissible "under certain circumstances for the limited purpose of showing bias, prejudice, interest, and motive of the witness in testifying as he did." That certainly is an accurate statement of the rule in this area. *Carrillo v. State,* 591 S.W.2d 876, 886 (Tex.Cr.App.1979); *Moreno v. State,* 587 S.W.2d 405, 409–410 (Tex.Cr.App.1979); *Murphy v. State,* 587 S.W.2d 718, 722–723 (Tex.Cr.App.1979); *Hemphill v. State,* 634 S.W.2d 78 (Tex.App.—Austin 1982, discretionary review refused).

■ In this case appellant was on trial for the murder of Billy Glover. It appears the witness and appellant were subsequently charged for retaliation arising out of threats by them against witnesses in the instant case. Under these circumstances Art. 38.29, supra, would not prevent demonstration of the charges against the witness to show her bias, prejudice and interest in testifying for appellant.[2]

The ground of error was properly overruled by the Court of Appeals.

The judgment is affirmed.

CLINTON, Judge, concurring.

The majority concludes that Article 38.29, V.A.C.C.P., does not bar to a "demonstration of the *charges* against the witness" in order to show her attitude in testifying for appellant. Yet appellant's ground of error focuses on questions containing "an improper assertion of fact that the witness had committed a specific act of misconduct," and the court of appeals identified appellant's contention as being just that. Accordingly, there is no need for the majority to trouble itself with procedural niceties when the merits of the ground may be addressed headon.[1]

Each question to which appellant objected asserted some detail of an extraneous offense or retaliation. Under the holding of the Court in *Campbell v. State,* 167 Tex. Cr.R. 321, 320 S.W.2d 361 (1959) those questions were permissible here, just as allowing the fact that a defense witness had offered money to a State's witness to testify favorably for the defendant was upheld in *Campbell,* supra.

For this reason I concur in the judgment of the Court.

2. Although the general rule is that details of the offense should not be shown, *Murphy v. State,* supra, trial objection was not based on that rule. Trial objection must be on the same ground as that urged on appeal. *Carrillo v. State,* supra, at 892. Neither was this theory asserted in the ground of error as quoted above. See note 1, ante.

1. Alluding to a rule pertaining to general credibility of a witness stated in *Murphy v. State,* 587 S.W.2d 718 (Tex.Cr.App.1979), in note 2 of its opinion, the majority perceives some inconsistency between trial objection and ground of error and intimates such a procedural default precludes a fuller treatment of the ground of error. The court of appeals had no problem, nor should we.