Larry FERRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 41322.

Court of Criminal Appeals of Texas.

June 19, 1968.

Howard Hunt, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., Austin, Robert A. Huttash, Asst. Dist. Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is armed robbery; the punishment, 30 years.

Appellant was identified by the prosecuting witness as the man wearing a woman's hose over his face, a black hat with a small red feather, a black shirt, a black waist-length jacket, brown pants, black shoes, and tan leather gloves with drawstrings that pulled at the wrist, who, about midnight on April 24, 1967, while he was alone in the office of the Ramada Inn, exhibited an automatic pistol and robbed him of $50.00.

Appellant's first ground of error complains of the argument of the district attorney concerning the failure of appellant to call his wife as a witness, she being incompetent to testify against him.

The ground of error is without merit. Appellant testified that he did not commit the robbery and believed that he was with his wife in San Antonio on the night in question. His wife was not incompetent to testify in his behalf in support of his defense of alibi.

The state may comment upon the failure of the accused to produce his wife as a witness. Wood v. State, Tex.Cr.App., 374 S.W.2d 896, and cases cited.

Appellant next complains that the trial court erred in admitting evidence showing a burglary committed by appellant at the Holiday Inn in Austin on April 16, 1967.

Upon cross-examination of Mr. Goller, the complaining witness, the issue of appellant's identity as the person who robbed him was raised and contested. The court, having first instructed the jury limiting such evidence, allowed the state to introduce testimony identifying appellant as the man who committed the robbery at Holiday Inn after midnight on April 16, 1967, and evidence that such robbery was committed by a man wearing a woman's hose over his face, a hat on his head, drawstring gloves on his hands, and exhibiting an automatic pistol.

In addition to his instructions limiting the evidence relating to the similar nighttime robbery at Holiday Inn prior to its introduction, the court, in his charge to which there were no objections, instructed the jury that such evidence was admitted only for the purpose of showing identity, intent, motive or knowledge, if it did.

The ground of error is overruled. Campbell v. State, 163 Tex.Cr.R. 545, 294 S.W.2d 125; Olivio v. State, Tex.Cr.App., 422 S.W.2d 182; Genzel v. State, Tex.Cr.App., 415 S.W.2d 919.

No authority is cited in support of appellant's further contention that he should have been allowed to combat the testimony relating to the robbery at Holiday Inn on April 16, 1967, by proof of another robbery committed while appellant was in jail by robbers using the same type of disguise, weapon and modus operandi.

"Ordinarily, evidence of offenses committed by parties other than the accused is inadmissible." 23 Tex.Jur.2d 313, Evidence, Sec. 202.

The remaining ground of error complains that the court commented on the weight of the evidence in overruling an objection to the answer of a witness: "Well, I heard Mr. Manley say * * *." The court's statement was: "Well, as to what she heard someone else say in the presence of the defendant; it's admissible * * *."

There was no objection to the court's remark, and the answer of the witness reflects that what she heard was said to appellant.

The comment of the court was not such violation of Art. 38.05 Vernon's Ann.C.C.P. as to warrant reversal. It was not reasonably calculated to prejudice defendant's rights. Collins v. State, Tex.Cr.App., 376 S.W.2d 354, and other cases listed under Art. 38.05, Note 24, supra. Also, there was no objection to the comment. Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49; Franklin v. State, Tex.Cr.App., 409 S.W.2d 422.

The judgment is affirmed.