Jimmy Don SIMMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43067.

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

James H. Miller, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, 20 years.

The sole question presented by the brief is the admission of evidence relating to an extraneous offense. Jack Degelia testified that he was operating a grocery store in Oak Cliff on January 12, 1967. According to Degelia's testimony, appellant entered the grocery store with another man, bought some drinks, then, pointing a gun at Degelia, forced Degelia to give him the money from the store's safe and cash register.

The testimony which appellant contends was inadmissible was that of the Dallas police officer, Maurice Baker, who arrested him. When the officer began to testify, the jury was retried. The court heard the officer's testimony, then ruled as follows:

"* * * I am going to permit the State to prove that, all of the testimony of the witness Baker, except that part wherein he said the defendant had the gun pointed at somebody, the manager of the store.

Now, it is not necessary for him to testify to anything except that he arrested this defendant and that he had a struggle with him, had a fight with him, whipped him over the head with a gun, whatever happened, and he took the gun off him and for identification purposes, that was his name, that this is the man and that is the gun."

Appellant excepted to the ruling.

Subsequently, the state proceeded to prove that 11 days after the robbery of the grocery store, appellant entered a drive-in grocery, pulled a gun, and pointed it at an officer, who was a member of a "shot gun squad" on guard at the store. The officer disarmed and arrested appellant. The pistol was identified at the trial by Degelia as looking like the same gun that appellant used in robbing him.

Whether or not this evidence constituted proof of an extraneous offense is not determinative of this appeal, because in Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901, we said that since the injured party was vigorously cross-examined as to the identity of appellant, proof of an extraneous offense did not constitute error. Ferrell v. State, supra, has been cited with approval in Owens v. State, Tex.Cr.App., 450 S.W.2d 324. In the case at bar, Degelia was strenuously cross-examined as to appellant's identity.

Finding no reversible error, the judgment is affirmed.