**Howard FRANKLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45323.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Roger D. Brown of Brown, Hamby & Bancroft, Big Spring, for appellant.

Wayne Burns, Dist. Atty., Big Spring, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, one hundred years imprisonment.

By several grounds of error the appellant urges that this case should be reversed because the State was permitted to introduce evidence of an extraneous offense. We agree. The extraneous offense was not shown to be admissible under any of the exceptions to the general rule that extraneous offenses are not admissible.

The appellant was indicted in this case for the robbery of James Gregory, an attendant at the DeWees Enco Service Station in Big Spring.

The State's first witness, Officer McCain, over the objection that it was hearsay, was permitted to testify to the details of the offense, related to him by Gregory during the investigation of the robbery.[1] This was not a spontaneous exclamation (res gestae), but a narrative of the entire transaction. While McCain was still under direct examination, the prosecutor stated that:

"This witness presently testifying has knowledge in connection with his investigation of an earlier occurrence, earlier occurrence in advance of the one that he has just testified to that occurred within a matter of a few minutes prior to the one that he has testified to. And at this time I would like permission of the Court for me to ask questions of the witness concerning this earlier occurrence, with the understanding that I am offering evidence pertaining to the earlier occurrence only for the purpose of establishing the system, motive, method of operation, the identity and the intent and scheme on the part of this defendant in connection with such earlier occurrence. And I am offering it for that limited purpose only, Your Honor."

After the prosecutor stated this in the presence of the jury, the appellant's counsel objected to such testimony, calling to the court's attention his motion in limine requesting the exclusion of such evidence.[2]

1. The trial objection to the admission of this hearsay evidence was not relied upon by the appellant as a ground of error on appeal.

2. The motion in limine, (prior to trial) without objection being made during trial, would not have been sufficient to preserve error. See Blassingame v. State, 477 S.W.2d 600 (Tex.Cr.App.1972); Thomas v. State, 477 S.W.2d 881 (Tex. Cr.App.1972) and Brazzell v. State, 481 S.W.2d 130 (Tex.Cr.App.1972).

The objection was overruled. Appellant's counsel then asked permission to question the witness on voir dire, out of the presence of the jury, to determine the matter about which the witness would testify. The court declined to permit the voir dire examination of the witness. The witness then testified that a few minutes earlier the same evening, he had investigated a robbery occurring at the Parks Gulf Service Station, located in Big Spring, about two or two and one-half miles from the Enco station. The officer was permitted to testify to what he had been told concerning the details of that robbery by Juanito Gonzales, the station attendant and victim of the offense. After this testimony, appellant's counsel requested that the court strike such evidence and pointed out that no question of identity had been raised. This motion was overruled by the court. Appellant's counsel then requested a mistrial and the motion for mistrial was overruled.

The second witness was Officer Lee, who along with McCain had investigated both robberies. Over objection, Lee was permitted to relate to the jury what the attendant at the Parks Gulf Station told him about how that robbery had occurred. After the witness had narrated what he was told about the robbery at the Gulf station by the attendant Gonzales, appellant's counsel asked that the jury be instructed to disregard such testimony. This motion was denied and a motion for mistrial was overruled.

Parks, the owner of the Parks Gulf Service Station, then testified over objection that when he went to the station soon after the robbery, he discovered that a new tire described as a "J 78 x 14 Deluxe Crown" tire and $75.63 in cash had been taken. Some keys, which had been in the cash register, were missing.

DeWees, the owner of the DeWees Enco Service Station, testified that when he went to his station immediately after the robbery, he discovered a loss of $107.45 in cash and that his dog had been shot.

A deputy sheriff of Martin County testified that he had heard a radio call concerning the robberies committed in Big Spring and soon thereafter, at approximately 11:30 p. m., he arrested the appellant and his companions, who were in a white 1963 Dodge automobile being driven at about 85 miles per hour. The officer found a .38 caliber pistol under the right front seat, which seat was occupied by the appellant. He also found in the car a tire, later identified as the one taken from the Gulf station. A search of the appellant at the courthouse resulted in recovery of $148.00 from his pocket and $101.00 from his boot.

The State then offered the testimony of Juanito Gonzales, the attendant at the Gulf station and the victim of the robbery occurring there. He testified fully concerning the robbery and identified the appellant as one of the robbers.

James Gregory, the attendant at the DeWees Enco Service Station, testified that the appellant and a younger man were the passengers in a car driven by a woman, which was driven into the station. As Gregory squatted down to find the hood latch in order to check the oil, the appellant held a gun within three inches of his chin and said, "money," and before Gregory could answer shot him. The bullet made a "large hole" and the flow of blood washed the bullet out onto the driveway where it was later found by one of the investigating officers. The appellant then grabbed the attendant's jacket and forced him into the station, hollering "I'm going to kill you, I'm going to kill you." Gregory pled with the appellant not to do so, that he had "kids" to put through school. Gregory then opened the cash register and the appellant shot a dog that was chained near the cash register. The appellant then "knocked" Gregory in the head. Gregory then heard the car "crank up" and leave.

He raised his head up and was able to see the license plate and remembered a part of the letters and numbers on the license plate, which he related to the investigating officers.

Officers investigating at the station recovered two spent bullets. The .38 caliber pistol which was found under the front seat when the appellant was arrested had the capacity for six cartridges and there were three spent cartridges and three live cartridges in the pistol.

An agent with the Federal Bureau of Investigation, assigned to the Firearms Identification Unit of the F.B.I. laboratory in Washington, D. C., after being qualified as an expert on firearms identification, testified that he had received one of the bullets recovered and the pistol taken at the time of the appellant's arrest. He had examined both of them. The expert test fired the pistol. He recovered the test bullet, which he had fired from the pistol, and after making microscopic comparisons with the bullet found at the scene of the robbery, he determined that both had been fired from the same weapon.

The appellant offered no evidence; rested and closed with the State.

The appellant raised no defensive issues, identity was not a contested issue, and there is no other reason shown to make this evidence admissible as an exception to the general rule that extraneous offenses are inadmissible.

■ The evidence of the other crime must be relevant on some theory other than the general proposition that one who commits one crime is prone to commit another. Ford v. State, 484 S.W.2d 727 (Tex.Cr.App.1972) and Albrecht v. State, 486 S.W.2d 97 (Tex.Cr.App.1972).

Each case must be considered on its own facts as to whether an extraneous offense will be admissible and each exception to the rule permitting the admission of such

testimony must be carefully considered. There is no blanket rule that extraneous offenses are admissible if committed close to the same time and in almost the same manner. There must be a reason for the admission of the evidence such as it tends to rebut a defense offered or establish identity where the identity of the accused is a controverted issue.

This opinion need not be protracted by a discussion of the legal principles which have been developed and stated in many cases. See Hafti v. State, 416 S.W.2d 824 (Tex.Cr.App.1967); Bennett v. State, 422 S.W.2d 438 (Tex.Cr.App.1967); Ford v. State, 484 S.W.2d 727 (Tex.Cr.App. 1972); Jones v. State, 481 S.W.2d 900 (Tex.Cr.App.1972); Shaw v. State, 479 S. W.2d 918 (Tex.Cr.App.1971); Caldwell v. State, 477 S.W.2d 877 (Tex.Cr.App.1972); Rodriguez v. State, 486 S.W.2d 355 (Tex. Cr.App.1972); Albrecht v. State, 486 S. W.2d 97 (Tex.Cr.App.1972); Hickombottom v. State, 486 S.W.2d 951 (Tex.Cr. App.1972); and Rogers v. State, 484 S.W. 2d 708 (Tex.Cr.App.1972). These cases are but recent expressions of ancient and well established rules of evidence concerning the inadmissibility of extraneous offenses.

The State relies upon the cases of Parks v. State, 437 S.W.2d 554 (Tex.Cr.App. 1969); Enriquez v. State, 429 S.W.2d 141 (Tex.Cr.App.1968); Simmons v. State, 457 S.W.2d 570 (Tex.Cr.App.1970); Ellisor v. State, 162 Tex.Cr.R. 117, 282 S.W.2d 393 (1955); and Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711 (1960).

In Parks v. State, supra, the identity of the defendant, unlike the present case, was a sharply controverted issue.

Enriquez v. State, supra, is a case similar to and relies upon Ellisor v. State, supra, where the fleeing defendant killed a highway patrol officer while within one mile of the place where he had shot another officer. The offenses were inseparable and evidence of the other offense was ad-

missible to show the defendant's motive for the murder. Cf. Rodriguez v. State, supra. In the case at bar, the offenses were separate, even though a short time elapsed between their commission.

In Simmons v. State, supra, the court said if the evidence constituted proof of an extraneous offense it was admissible because the identity of the defendant was placed in issue by vigorous cross-examination of the injured parties.

Cox v. State, supra, was specifically overruled in Jones v. State, supra.[3]

 The State, in an attempt to bring itself within the rules of the cases it relies upon, urges the appellant's identity was made a contested issue by the cross-examination of the complaining witness Gregory. The cross-examination of Gregory is not such that it would place this case within the holding of Simmons v. State, supra, and Ferrell v. State, 429 S.W.2d 901 (Tex.Cr.App.1968), upon which the holding in *Simmons* was based. In the recent case of Albrecht v. State, supra, this point is discussed as follows:

"In some limited instances, evidence of extraneous offenses may become admissible where the effectiveness of the state's direct evidence, though uncontradicted by other evidence, is completely undermined by defense cross-examination. See, Simmons v. State, Tex.Cr. App., 457 S.W.2d 570, 571; Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901; Olivio v. State, Tex.Cr.App., 422 S.W.2d 182. However, it is not the mere asking of the questions but the responses elicited from the witness which are determinative. Where the testimony of a witness remains unimpeached after cross-examination, the mere fact that the witness was cross-examined does not authorize the state to introduce testimony of extraneous offenses. See Caldwell v.

State, Tex.Cr.App., 477 S.W.2d 877, where we stated:

" 'To hold that the cross-examination of this prosecutrix would permit the introduction of an extraneous offense would be tantamount to holding that such testimony would be admissible in any case where a defendant's counsel exercises the constitutional right of cross-examination. That is not and should not be the law.' "

For the reasons stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

3. We acknowledge that the opinion in Jones v. State, supra, overruling Cox v. State, supra, was subsequent to the trial of this case.