**Holman KING, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67183.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 15, 1981.

**166**

Howard B. Law, Dallas, for appellant.

Henry Wade, Dist. Atty., Deborah E. Farris, Christopher Milner and William M. Fry, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction of the offense of burglary of a motor vehicle. The punishment, enhanced by a prior felony conviction, is imprisonment for twenty years.

The appellant entered a plea of guilty to the primary offense and a plea of true to the allegation that he had been convicted of the prior felony offense. The only issue before the jury was that of punishment. The appellant's sole complaint is that the trial court erred in allowing the State to argue that appellant's wife failed to testify to his good reputation.

The appellant did not testify and offered no evidence. The State offered testimony to prove the primary offense and evidence to prove the prior conviction. Witnesses also testified that appellant's general reputation in the community as a good law abiding citizen was bad. The prosecutor's argument about which complaint is made is:

"[PROSECUTOR]: Now, both sides in this kind of trial are entitled to bring forward to you evidence of the Defendant's prior reputation and character, prior history, things which might help you, which might show you or point you in the right direction in trying to make your decision of the proper sentence to assess. Let me ask you this: The State brought you three witnesses who testified as to Holman King's reputation, witnesses who have known of him and known of his reputation ever since 1967. Every one of them testified that his reputation for being a peaceful and law-abiding citizen here in Dallas was bad. Did you hear any witnesses for the Defense come forward to tell you anything about his reputation being anything other than bad? No. Did you hear any witnesses for the Defense come forward and tell you that his character is good? Did you hear any family member come up and say, 'He's a good boy; he's a good brother; he's a good husband,' or 'a good parent'?

"[DEFENSE ATTORNEY]: I object to him arguing that his wife didn't testify for him. I think that's improper and against the Rules of Procedure and ask that the jury be instructed to disregard that argument.

"THE COURT: Overruled.

"[DEFENSE ATTORNEY]: We ask for a mistrial.

"THE COURT: Overruled."

The appellant could have called a witness knowledgeable about his reputation to rebut the State's evidence of his bad reputation; when appellant did not do so, the State had the right in jury argument to comment on appellant's failure to call such witnesses.

The State may comment on the failure of the accused to produce his wife as a witness when she could have testified about matters properly admissible in evidence. *Ferrell v. State*, 429 S.W.2d 901 (Tex.Cr. App.1968); *Battles v. State*, 53 Tex.Cr.R. 202, 109 S.W. 195 (1908).

The appellant's reliance on *Cole v. State*, 92 Tex.Cr.R. 368, 243 S.W. 1100 (1922) is misplaced. In that case it was held error to comment on the defendant's failure to use his wife as a fact witness, because she was not present when the crime was committed and it was a fair inference that if she knew anything about the crime it must have been from some statement made to her by the defendant.

The prosecutor's statement in the instant case was general in nature and merely named some possible witnesses whom appellant may have called to testify concerning his reputation. Moreover, the record does not show whether or not the appellant had a wife. The trial court did not err in overruling appellant's objection.

The judgment is affirmed.

CLINTON, Judge, dissenting.

The majority says the rhetorical questions raised by the prosecutor in his argument pass muster in part, with respect to the wife, because "the record does not show whether or not the appellant had a wife." If the record does not show that fact, what then is the prosecutor doing arguing outside the record? I submit that the State has "the right in jury argument to comment on appellant's failure to call such witnesses" only if the record shows they exist. The prosecutor should not be allowed to create a family for any accused and then denounce him and them for not coming in to vouch for his character.

I dissent.