Opinion issued October 27, 2005










   





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01143-CR




TAM PHO VONG, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 963971









O P I N I O N

          Appellant, Tam Pho Vong, was charged by indictment with possession of
between one and four grams of cocaine, enhanced by a prior felony conviction for
theft of a firearm. See Tex. Health & Safety Code Ann. §§ 481.102(3), .112
(Vernon 2003 & Supp. 2004–2005); Tex. Pen. Code Ann. §§ 31.03(a)–(b), (e)(4)(C),
12.42(a)(3) (Vernon Supp. 2004–2005). He pleaded not guilty to the primary offense
and not true to the enhancement. A jury found appellant guilty as charged, found the
enhancement paragraph true, and assessed punishment at 10 years’ confinement and
a $1,000 fine.
          In two issues, appellant contends that, during the punishment stage, (1) the
State’s evidence was legally insufficient to support the jury’s finding of true to the
enhancement and (2) he received ineffective assistance of counsel.
          We affirm.
Background
          Appellant does not challenge his conviction in the primary offense; rather, he
solely challenges the enhancement. 
          The enhancement stems from an incident in 1993, when appellant stole a car
that contained a stolen firearm. Appellant was charged with auto theft under cause
number 673402 and separately charged with theft of a firearm under cause number
683158. Appellant pleaded guilty in both causes, and in 1994 he was given six years’
community supervision in each cause, to run concurrently. 
          In 1996, appellant violated the terms of his community supervision. 
Appellant’s community supervision was revoked and he was assessed six years’
confinement. During the trial for the present offense, the State entered into evidence
the order revoking probation for the auto theft, leaving open the question of whether
probation had also been revoked for the stolen firearm.
          In the present case, appellant was charged with possession of between one and
four grams of cocaine. The State sought to enhance his sentence by proof of a prior
felony conviction for theft of a firearm. To do this, the State had to show that
community supervision had been revoked on cause number 683158, the theft of a
firearm. Rather than offering the order revoking community supervision for the theft
of the firearm, the State took a more tortured path. During the punishment phase, the
State offered into evidence (1) appellant’s judgment and sentence for the theft of a
firearm; (2) appellant’s judgment and sentence for auto theft; (3) an order revoking
appellant’s community supervision for the auto theft; and (4) a jail card from the
Texas Department of Corrections recording appellant’s incarceration. The jail card
indicates that appellant was incarcerated for both the auto theft and the theft of the
firearm. The only testimonial evidence suggesting community supervision had been
revoked for the theft of the firearm was during direct examination of appellant by the
defense attorney, where defendant admitted to “signing for the time.”
           We are now asked to decide whether (1) proof of revocation of community
supervision for a concurrently running offense, (2) a notation on a jail card indicating
community supervision had been revoked for both offenses, and (3) testimony that
the appellant “signed for the time” is sufficient evidence to establish a final
conviction of appellant’s theft of a firearm for the purposes of enhancement and
whether appellant’s counsel at trial was ineffective.
Legal Sufficiency
          Appellant argues that the State’s evidence was legally insufficient to “support
the jury’s finding of ‘true’ to the enhancement allegation because the conviction
alleged for enhancement was not a final conviction.”
A.      Standard of Review
          A legal sufficiency challenge requires us to determine whether, viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have
found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Although our analysis considers all of
the evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000). 
          Section 12.42(a)(3) of the Penal Code provides for enhanced punishment of
second felony offenses. Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon 2003). To
invoke this statute, the State bears the burden of showing that a prior conviction is
final. Johnson v. State, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). A probated
sentence is not a final conviction for enhancement purposes unless community
supervision has been revoked. Ex parte Langley, 833 S.W.2d 141, 143 (Tex. Crim.
App. 1992). If the State establishes that a defendant has been previously convicted
and the record is silent on whether the conviction is final, this Court will presume that
the conviction is final. Johnson, 784 S.W.2d at 414.
B.      Analysis
          As this case turns on the evidence provided by the State to meet its burden, it
is important to review exactly what evidence was presented at trial to establish that
the judgment was final. The State offered the judgment and sentence for appellant’s
conviction for auto theft as well as the judgment and sentence for his conviction of
theft of a firearm. The trial court also admitted into evidence the order revoking
community supervision for the auto theft. The final piece of physical evidence was
a jail card indicating that appellant committed the offenses of auto theft and theft of
a firearm and appellant was “sent 6 yrs tdc 4-8-96” as to both offenses.
          The oral testimony consisted of testimony from Deputy Randy Schield and
appellant. Deputy Schield testified that appellant was the person who committed the
previous crimes, identifying him by fingerprints from the jail card. He also testified
that appellant’s community supervision was revoked for the auto theft offense. 
Appellant testified that he was convicted of the auto theft and that he “signed for the
time” on the theft of a gun offense. “Signing for the time” was never defined by
either party, leaving it to the jury to decide whether this meant that he was simply
convicted or that he served time for the offense.
          In Sanders v. State, we indicated that a jail card could provide proof that
community supervision had been revoked, finalizing the judgment. Sanders v. State,
787 S.W.2d 435, 438–40 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d). In that
case, there were three jail cards; however, each jail card had numerous discrepancies
between them and the judgment. Id. at 439–40. We held that because of the
discrepancies, the jail cards did not contain sufficient reliable information to prove
that the person was finally convicted. Id. at 440.
          Here, there is only one jail card, and there are no discrepancies between it and
the judgment. The appellant was identified as the one who committed the crimes
listed on the jail card, and the jail card notes that his community supervision was
revoked for two offenses. The order revoking community supervision for the auto
theft offense was provided. Additionally, appellant admitted to “signing for the time”
for the theft of a firearm, a term that was never defined for the jury. We also note that
the jury was never given an indication that community supervision was not revoked
for the theft of the firearm.
          While we do not find this to be the preferred, the most efficient, or even the
easiest method for proving a final conviction, we are mindful of our standard of
review. Viewing the evidence in the light most favorable to the verdict, we hold that
a rational trier of fact could have found beyond a reasonable doubt that community
supervision had been revoked and that the judgment was final.
          We overrule appellant’s first issue.
Ineffective Assistance of Counsel
          In his second issue, appellant contends that he was denied effective assistance
of counsel at punishment because his counsel “failed to object to the State’s use of
a probated sentence to enhance punishment.”
A.      Standard of Review
          Appellant was entitled to reasonably effective assistance of counsel. U.S.
Const. amend. VI; Tex. Const. art. I, § 10. In considering whether counsel’s
assistance was so defective that a reversal of the conviction is warranted, we follow
the standard enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984). Hernandez v. State, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App.
1999). Under the Strickland standard, we determine (1) whether counsel’s
performance was deficient and (2) whether, but for counsel’s deficient performance,
the result of the proceeding would have been different. Hernandez, 988 S.W.2d at
770 n.3. The Strickland standard applies to both guilt and punishment phases. Id. at
772.
          To prevail, appellant must show ineffective assistance by a preponderance of
the evidence. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In
addition, appellant must overcome the “strong presumption that counsel’s conduct
falls within the wide range of reasonable professional assistance” or might reasonably
be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 
          As the reviewing court, we consider the adequacy of assistance as viewed at
the time of trial, not through hindsight. Hawkins v. State, 660 S.W.2d 65, 75 (Tex.
Crim. App. 1983). We cannot speculate as to the reasons why trial counsel behaved
as he did; rather, we must be highly deferential and presume that counsel’s actions
fell within the wide range of reasonable and professional assistance. See Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The Court of Criminal Appeals
has held that, normally, trial counsel should be given an opportunity to explain his
actions before being denounced as ineffective. Rylander v. State, 101 S.W.3d 107,
111 (Tex. Crim. App. 2003). Otherwise, “the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel’s actions.” Id. at
110–11 (quoting Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001)).
 
B.      Analysis
          As to the first prong of the Strickland standard, appellant must show errors
“firmly founded in the record” to support his claim of deficient performance. 
Thompson, 9 S.W.3d at 813. The State argues that appellant did not bring forth an
adequate record to allow us to address these complaints. Appellant argues that such
record of explanation is not warranted when, as here, no trial strategy could explain
counsel’s failure “to object to the State’s use of a probated sentence to enhance
punishment.” See Rylander, 101 S.W.3d at 111 (Meyers, J., dissenting).
          Having determined that the jury could have found beyond a reasonable doubt
that appellant’s community supervision was revoked and that his theft conviction was
final, we conclude that the State did not use a probated sentence to enhance
punishment and thus there is no error on which to base appellant’s claim of
ineffectiveness.
          In an apparent sub-issue, appellant complains that his counsel was ineffective
for failing to request that the range of punishment be submitted as a third degree
felony and not enhanced to a second degree felony. However, the record shows that
defense counsel did raise this issue upon submission of the jury charge as well as in
closing arguments. During discussion of the jury charge, defense counsel proposed
the following:
[Defense Counsel]:          [Appellant] would ask that the Court insert the language
that, Other [sic] evidence of crimes committed by the
accused have been admitted before you and can be taken
into account when assessing the appropriate punishment
within a range of no more than two years—excuse me,
within a range of no less than 2 years in the Texas
Department of Corrections and no more than 10 years in
the Texas Department of Corrections. 
 
However, the enhancement paragraph of the indictment
which alleges theft of a firearm is the crime, that if found
to be, quote, true can be used to increase the range of the
accused’ [sic] punishment from no less than 2 years to no
more than 20 years.
 
[THE COURT]:               I am denying your request.

          Moreover, in his closing statement, defense counsel argued, “before you can
consider 20 years . . . you have to believe beyond a reasonable doubt that the theft of
the firearm had been committed and is a proper judgment.”
          Appellant has not presented an error upon which we can base appellant’s claim
of ineffectiveness. 
          We conclude that appellant has not met his burden to show ineffective
assistance of counsel by a preponderance of the evidence. See Thompson, 9 S.W.3d
at 813. Accordingly, appellant’s second issue is overruled.
 
 
 
CONCLUSION
          We affirm the judgment of the trial court. 


                                                   Laura Carter Higley
                                                   Justice
Panel consists of Justices Nuchia, Jennings, and Higley.
Publish. Tex. R. App. P. 47.2.