Opinion issued July 22, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00892-CR

———————————

Gerald Dwayne Woods, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 182nd District Court

Harris County, Texas



Trial Court Case No. 1186613

 



                                                                                                                                                            

MEMORANDUM OPINION

Appellant, Gerald Dwayne Woods, was charged by indictment
with the felony offense of indecency with a child.[1]  Appellant pleaded not guilty.  A jury found appellant guilty as charged and
assessed punishment at three years’ confinement.  Appellant argues ineffective assistance of
counsel based on his attorney’s failure to object to the introduction of
extraneous offense evidence.  

We affirm.

Background

At approximately 7:30 a.m. on October 6, 2008, M.T. saw a
blue BMW approach while she was waiting at the bus stop on the corner of
Quitman and Cochran for the bus to take her from Marshall Middle School to
Hamilton Middle School. M.T. testified that a man, later identified as
appellant, stopped the BMW on the side of the road in front of her with the
passenger-side window rolled down. Appellant, remaining in the vehicle,
masturbated his erect penis for a period of two to three minutes and attempted
to summon M.T. to his car.  M.T. ran to
the other side of the fence and waited for appellant to drive away before
returning to the bus stop.  Appellant
drove past M.T. at least two more times. 
To M.T.’s knowledge, there were no other eyewitnesses.

M.T. testified that, once she was on the bus in route to Hamilton
Middle School, appellant pulled up behind the bus in the BMW before driving
away.  M.T. informed the bus driver of the
incident, and the bus driver made a call over the bus radio.  At the school, M.T. told a clerk what had
happened, and the clerk notified the principal, assistant principal, and an
officer for the school.  On October 7,
2008, M.T. positively identified appellant from a photo lineup presented to her
by Officer B. Davis, who worked for the Houston Independent School District at
the time.

At trial during cross-examination of M.T., defense counsel
sought to discredit M.T.’s identification of appellant as the man in the BMW
through the following exchange:  

Q:      Did
they ask you for a description?

A:      Yeah.  They asked me, and I just told them it was a
black man.  That’s all I said.

Q:      Did
they ask you for anything such as any kind of facial hair?

A:      Yes,
sir.

Q:      What
did you say?

A:      I
don’t remember.

Q:      You
don’t remember what you said, or you don’t remember if you saw any facial hair?

A:      I
don’t remember what I said.

Q:      Okay.  Did they ask you if he had any earrings or
anything like that?

A:      I told
them I don’t remember.

Q:      So, I
want to make sure.  You told—when the
police talked to you, you told them you didn’t remember if he had an earring or
not?

A:      Yes,
sir.  I told them I don’t remember.

Q:      How
about the length of hair?

A:      I told
them he was baldheaded, like, you know.

Q:      He was
baldheaded?

A:      Not,
you know, like to the scalp or nothing, but…

Q:      Did
you tell them anything about tattoos?

A:      Yes,
sir.

Q:      What
did you tell them?

A:      I told
them I don’t remember.

Q:      Didn’t
remember any tattoos?

A:      Huh-uh.

Q:      Did
you tell them what kind of shirt he was wearing?  If you know.

A:      No, I
don’t remember.

At the conclusion of the testimony of its first two
witnesses, the State argued defense counsel had put the identity of appellant
at issue through the above cross-examination, and therefore, the State should
be allowed to introduce evidence of appellant’s extraneous offense.  The trial court then questioned defense
counsel as follows:

Court: Okay. 
And what’s the defense’s position on the extraneous?

A:      Well,
I think you’ve got to make a determination whether or not it’s admissible for a
jury to make a finding beyond a reasonable doubt.  And you’ve got one witness [who] identifies
the wrong person, the other witness goes back between two other people, and I
think you have to hear the police officer’s testimony because he basically comes
and asks to see the photo spread.  He
says, “I know I can identify somebody,” and he identifies somebody.  I think his identification is highly suspect.

To determine whether the State satisfied its burden to
introduce the extraneous offense, the judge, outside the presence of the jury,
heard testimony from G.S., A.S., Officer M. McClung from the Houston
Independent School Police Department, and Officer Davis.   See Tex. R. Evid. 104(b).  G.S. testified that on October 6, 2008, in
the morning before school began, she saw a “black-ish, blue-ish color” BMW
parked along the sidewalk outside of Jefferson Davis High School which is
located next to Marshall Middle School. Appellant beckoned G.S. and her sister,
A.S., to approach the vehicle. A.S. walked up to the parked BMW and appellant
asked for directions. Appellant told A.S. to look down, at which time, A.S.
observed appellant masturbating. The two girls ran to Mr. Diaz, an assistant principal,
who then took note of the BMW’s license plate number. Officer McClung testified
that he was called to the scene, that he ran after the vehicle, and that he recorded
the license plate number of the vehicle. 
The license plate number led to the identification of appellant as the
driver of the BMW. 

On October 7, 2008, A.S. identified two men from a photo lineup
presented to her by Officer Davis, one of whom was the appellant.  G.S. did not identify appellant as the man in
the BMW from the photo lineup.

The judge determined that “[t]he jury could find that there’s
enough there to believe it beyond a reasonable doubt.  And I believe it would be probative with
regard to the issue of identity more than prejudicial.” Defense counsel
requested a limiting instruction, which was granted.

Subsequently, appellant was found guilty of the felony
offense of indecency with a child and sentenced to three years’
confinement.  Appellant did not file a
motion for a new trial.

Ineffective Assistance
of Counsel

In his sole issue, appellant contends that he was denied
effective assistance of counsel at the guilt/innocence phase of his trial
because defense counsel failed to object to the admissibility of the extraneous
offenses and such failure, appellant argues, materially contributed to the
outcome of the trial.

A.      Standard of Review

Appellant was entitled to reasonably effective assistance of
counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10.        
In considering whether counsel’s assistance was so defective that a
reversal of the conviction is warranted, we follow the standard set forth by
the United States Supreme Court in Strickland
v. Washington.  Thompson v. State, 9 S.W.3d 808, 812–13 (Tex. Crim. App. 1999); Strickland v. Washington, 466 U.S. 668,
687–88, 104 S. Ct. 2052, 2064 (1984). 
First, the defendant must show that counsel’s performance was deficient.
Thompson, 9 S.W.3d at 812.  Second, the defendant must affirmatively
prove prejudice—that, but for counsel’s unprofessional errors, the outcome of
the proceeding would have been different. Id.

To prevail, the appellant must satisfy the two-pronged test
set forth above by a preponderance of the evidence.  Vong v.
State, 186 S.W.3d 76, 80 (Tex. App.—Houston [1st Dist.] 2005, no
pet.).  In addition, appellant must
overcome the “strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance” or might reasonably be considered
sound trial strategy.  Strickland, 466 U.S. at 689, 104 S. Ct.
at 2065.  If an appellant fails to prove
the second “prejudice” component, we need not address whether counsel’s
performance was deficient.  Boyd v. State, 811 S.W.2d 105, 109 (Tex.
Crim. App. 1991).

As the reviewing court, we assess the adequacy of counsel’s
assistance at the time of trial, not through hindsight.  Hawkins
v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).  We cannot speculate as to the motivations
behind trial counsel’s behavior; rather, we must be highly deferential and
presume that counsel’s actions fell within the wide range of reasonable and
professional assistance.  Vong, 186 S.W.3d at 80; Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  The Court of Criminal
Appeals has held that, normally, trial counsel should be afforded an
opportunity to explain his actions before being denounced as ineffective.  Rylander
v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).  

“Any allegation of ineffectiveness must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.”  Thompson, 9 S.W.3d at 813. 
As the appellate court, we must look at the “totality of the
representation and the particular circumstances of each case in evaluating the
effectiveness of counsel.”  Id. (citing Ex Parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991)).  Otherwise, “the record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel’s
actions.” Rylander, 101 S.W.3d at 110–11 (quoting Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  When the record is silent regarding counsel’s
strategy, this Court can find ineffective assistance of counsel only if the
challenged conduct was so outrageous that no competent attorney would have
engaged in it. Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  


B.      Rule 404(b)

Appellant contends that defense counsel was ineffective by
failing to object to the admission of extraneous offense evidence that materially
contributed to the outcome of the trial.

Evidence of extraneous offenses “is not admissible to prove
the character of a person in order to show action in conformity therewith.”  Tex.
R. Evid. 404(b).  Evidence of
other crimes, wrongs, or acts may be admissible, however, “for other purposes,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident, provided that upon timely request
by the accused in a criminal case, reasonable notice is given . . . .”  Id.

An extraneous offense may be admissible at trial to show
identity only when identity is an issue in the case.  Lane v.
State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996).  When assessing whether evidence of an
extraneous offense is admissible to prove identity, the trial judge has
considerable latitude in determining that identity is in dispute.  Segundo
v. State, 270 S.W.3d 79, 86 (Tex. Crim. App. 2008).  The issue of identity may be raised by
defense counsel during cross-examination of a witness for the State.  Lane,
933 S.W.2d at 519; Siqueiros v. State,
685 S.W.2d 68, 71 (Tex. Crim. App. 1985). 
“When the State’s only identifying witness is impeached on
cross-examination, raising the issue of identity, the extraneous offense
becomes admissible.”  Siqueiros, 685 S.W.2d at 71 (citing Ferrell v. State, 429 S.W.2d 901, 903
(Tex. Crim. App. 1968)).  Impeachment may
occur by cross-examination of the witness about a material detail of the
identification.  Id. (citing Redd v. State,
522 S.W.2d 890, 893 (Tex. Crim. App. 1975)).

Raising the issue of identity, however, will not
automatically render the extraneous offense admissible.  Lane,
933 S.W.2d at 519.  To be admissible, an extraneous offense must
be sufficiently similar to the offense charged that the offenses are marked as
the defendant’s handiwork.  Bishop v. State, 869 S.W.2d 342, 346
(Tex. Crim. App. 1993).  Sufficient
similarity may be established by proximity in time and place or by a common
mode of committing the offenses.  Jabari v. State, 273 S.W.3d 745, 752(Tex.
App.—Houston [1st Dist.] 2008, no pet.); see
also Johnson v. State, 68 S.W.3d 644, 650–51 (Tex. Crim. App. 2002) (holding
that to determine similarity of offenses appellate courts should take into
account specific characteristics of offenses and time interval between them).

C.      Counsel’s Performance

Here, appellant has not satisfied the second Strickland component.  More precisely, appellant has not shown that
there is a reasonable probability that the result of the proceeding would have
been different had defense counsel objected to the extraneous offense
testimony.  Johnson v. State, 169 S.W.3d 223, 239-40 (Tex. Crim. App.
2005).  To successfully argue that
counsel’s failure to object amounted to ineffective assistance, appellant must
show that the trial court would have committed error in overruling such an
objection.  Vaughn v. State, 931 S.W.2d 564, 566 (Tex.
Crim. App. 1996); see also Hernandez v.
State, 799 S.W.2d 507, 509 (Tex. App.—Corpus Christi 1990, pet. ref’d)
(explaining that failure to object does not establish ineffective assistance of
counsel if no proper objection could have been made).  

Appellant contends that defense counsel’s cross-examination
of M.T. did not go beyond the bounds of the State’s direct examination; but
rather, defense counsel’s “cross-examination brought to the jury’s attention
only details and testimony” concerning those issues that were covered during
the State’s direct examination.  The State
contends that the identity of appellant was put at issue by defense counsel’s
cross-examination of M.T.  The State
further contends that, in addition to the closeness in time and location of the
two offenses, the extraneous offense and the crime charged are sufficiently
similar because “(1) both victims were school-age children; (2) the appellant
was driving a dark BMW during each offense; (3) the appellant summoned both
victims to come to his car; and (4) the appellant was masturbating his erect
penis when each victim reached his car.”

It was within the trial court’s discretion to conclude that
defense counsel’s cross-examination of M.T. called into question a material
detail of her identification of appellant and, as a result, put appellant’s
identity at issue.  See Page v. State, 137 S.W.3d 75, 78–79 (Tex. Crim. App. 2004) (holding
“[t]he question of whether defense counsel’s cross-examination of the victim
raised the issue of identity may best be answered with another question: If it
was not about identity, what was it about?”). 
Furthermore, the record shows that the extraneous offense and the
instant offense were sufficiently similar to be marked as the defendant’s
handiwork. Lane, 933 S.W.2d at
519.  The record shows the extraneous
offense and the offense charged were both acts of indecency towards a child;
committed on the morning of October 6, 2008; committed between the hours of 7
a.m. and 8 a.m.; committed in the same kind of car; and occurred within a one
block radius.  It was within the trial court’s
discretion to find that appellant’s identity was at issue as a result of
defense counsel’s cross-examination of M.T. and that the extraneous offense was
sufficiently similar to the crime charged under 404(b). See Tex. R. Evid. 404(b);
Siqueiros, 685 S.W.2d at 71–72 (holding that existence of a
mustache qualifies as a material detail of identification and defense’s
cross-examination of State’s witness regarding existence of a mustache put
identity at issue).

We cannot conclude that the trial court would have committed
error in overruling an objection by defense counsel as to the extraneous
offense.  Under the second Strickland prong, appellant has failed
to show a reasonable probability that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different.  See Thompson,
9 S.W.3d at 812.  Accordingly, appellant has not met
his burden to prove ineffective assistance of counsel by a preponderance of the
evidence.  See id. at 813.  Therefore,
we overrule appellant’s sole point of error.

Conclusion

We affirm the judgment of the trial
court.

 

                                                                   

                                                                   Laura
Carter Higley

                                                                   Justice                                                                  

 

Panel consists of Justices Keyes, Hanks, and Higley.

Do not publish. 
See Tex. R. App. P. 47.2(b).

 











[1] See Tex. Pen. Code Ann. §
21.11(a) (Vernon Supp. 2009).